[No. 31634. *En Banc.* November 23, 1951.]

THE STATE OF WASHINGTON, *Respondent,* v. HARRY H. FARMER, *Appellant.*[1]

*E. M. Farmer*, for appellant.

*Charles O. Carroll, John C. Vertrees*, and *V. D. Bradeson*, for respondent.

[1]Reported in 237 P. (2d) 734.

WEAVER, J.—In December, 1948, defendant was charged in the superior court for King county with the crime of abandonment and nonsupport of his son, a child under sixteen years of age. Rem. Supp. 1943, § 6908 [P.P.C. § 115-1]. Upon advice of counsel appointed by the court, he entered a plea of guilty on January 4, 1949.

Under authority of Rem. Rev. Stat. (Sup.), §§ 10249-5a and -5b [P.P.C. §§ 787-1, -3], the court suspended imposing sentence and entered the following order of January 14, 1949:

". . . The defendant having made application to the Court for probation and defendant being eligible under the law to be granted probation, and the Court being fully advised in the premises, it is therefore,

"ORDERED that the imposition of sentence against the defendant herein be, and the same is hereby suspended and deferred for a period of FIVE years, . . . from date upon the following terms and conditions, to-wit:

"That the defendant follow implicitly the instructions of the Board of Prison Terms and Paroles and the rules and regulations promulgated by said Board for the conduct of the defendant during the term of his probation herein.

"That the defendant deposit into the Registry of the Court on the 1st & 15th day of each month, the sum of $15.00, and a like amount on the first & fifteenth of each month thereafter until the further order of the Court, said sums to be deposited to the credit of Mrs. Stella Farmer for the benefit of Patrick Farmer, the first payment to be made on Feb. 1st, 1949.

"IT IS FURTHER ORDERED that this order shall remain in full force and effect until the further order of the court or until the same is revoked, modified or changed, or the period of probation is terminated by an order of the court, as provided by law."

The record discloses that defendant paid $275 between February 1, 1949, and August 10, 1950. During that period, $555 had accrued in accordance with the order of January 14, 1949.

Defendant's wife had sued for divorce in 1945. After default, an interlocutory order of divorce was entered which was made final June 26, 1946. The wife was given custody

of the three children and title to a house and furnishings. The decree contained no provision for alimony or support money for the children.

On August 10, 1950, defendant filed a "Petition to Revoke, Modify or Change Order of Deferment of Sentence." The petition alleged: (1) that defendant and his wife had agreed that if he would allow his wife to obtain the custody of the children, and title to the house and furnishings, and further, if defendant would refrain from contesting the divorce action, then his wife would make no claim upon him for alimony or support money for the children; (2) that this agreement being performed by him, the wife had since sold the house for six thousand dollars, had remarried and taken the child Patrick to California where they now reside; that the child is in a good home and well provided for; (3) that defendant was not guilty of the crime charged because he had been supporting the child; that, because he was without funds, an attorney was appointed for him; that defendant told the attorney about the canceled money orders and bank drafts which showed he had not failed to support the child, but that "said attorney advised him to plead guilty," which he did; that defendant is delinquent in his payments because he cannot obtain work in this state and the parole board will not allow him to go elsewhere, where he may obtain work.

Defendant's petition contains no prayer for relief unless it be found in the last sentence thereof which reads:

"That the Court was without jurisdiction to enter the aforesaid order of payment of money to support said Patrick and the same is contrary to the oral agreement made between said defendant and his wife, and *said order should be revoked.*" (Italics ours.)

The trial court heard the matter on affidavits and on the record in the divorce action. The petition was denied November 13, 1950.

Defendant's sole assignment of error is that "the court erred in refusing to revoke the Order of Deferment."

Neither in his petition nor in his brief, has defendant been precise in setting forth the exact relief he seeks. De-

fendant does not ask that, after the revocation of the order of January 14, 1949, he be sentenced upon his plea of guilty to the information, nor does he urge that he be permitted to change his plea of guilty to a plea of not guilty. His chief concern seems to be for relief from the monthly payments for the support of his son made mandatory as a condition of his probation.

We are confronted at the outset with the fact that defendant, represented by appointed counsel, pleaded guilty and made application to the court for probation. Hence, we consider first the question of defendant's right, in view of the record before us, to petition the trial court to modify the terms of his probation after a plea of guilty, and his right to appeal from an order denying the petition.

There is a distinction, under our statutes, between a suspension of sentence where it has been pronounced but execution thereof suspended, and a situation where the *pronouncement* of sentence is suspended or deferred. It is the latter situation which confronts us here.

Upon his plea of guilty, the court might have sentenced him to the maximum term according to Rem. Supp. 1943, § 6908. The record shows defendant requested probation. The trial judge, *in the exercise of his discretion,* proceeded under Rem. Rev. Stat. (Sup.), § 10249-5a and -5b, which, so far as they are material here, read as follows:

5a. "After conviction *by plea* or verdict *of guilty* of a felony offense, the court *upon application* or its own motion, *may summarily grant* or deny probation . . ." (Italics ours.)

5b. "The court in granting probation, *may suspend the imposing* or the execution *of the sentence* and may direct that such suspension may continue for such period of time, not exceeding the maximum term of sentence, except as hereinafter set forth and upon such terms and conditions as it shall determine." (Italics ours.)

(These sections have since been amended. See Rem. Supp. 1949, § 10249-5a and -5b.)

■ Suspension of sentence followed by probation is intended as a reforming discipline. This method of disposi-

tion of criminal cases has been instituted for the purpose of giving persons who, the trial court believes, are entitled thereto, and who are eligible under the statute, an opportunity for reformation. It has been designated by one court as "an authorized mode of mild and ambulatory punishment." *Cooper v. United States* (C. C. A. 5th), 91 F. (2d) 195.

■ The granting of parole is not a matter of right but is a matter of grace, privilege, or clemency granted to the deserving and withheld from the undeserving, as sound official discretion may dictate. *State ex rel. Linden v. Bunge,* 192 Wash. 245, 73 P. (2d) 516; *In re Pierce v. Smith,* 31 Wn. (2d) 52, 195 P. (2d) 112.

■ By statute (Rem. Rev. Stat. (Sup.), §§ 10249-5a and -5b), deferment of sentence and probation are placed in the same category; neither is a *right* belonging to the defendant. Once there is a plea or verdict of guilty, suspension of sentence and probationary conditions become a disciplinary measure which the trial judge *may* use within the limits of the statute. Its use is solely dependent upon his sound discretion.

The "Order Suspending Imposition of Sentence" of January 14, 1949, was to

". . . remain in full force and effect until the further order of the court or until the same is revoked, modified or changed, or the period of probation is terminated by an order of the court, as provided by law."

The statute (Rem. Rev. Stat. (Sup.), § 10249-5c and -5d [P.P.C. §§ 787-5, -7]) recognizes the discretionary right of the trial court to revoke, modify or change its order at any time.

■ The order of January 14, 1949, was not a final judgment. Its issuance being grounded in the discretionary power of the court and not in a right belonging to the defendant, it is not in the same category as a sentence upon a plea or verdict of guilty. No appeal lies from the order of January 14, 1949, for it is well settled in this jurisdiction that the defendant in a criminal action may appeal only

from a final judgment, and that, until sentence has been pronounced, there is no final judgment. *State v. Liliopoulos*, 165 Wash. 197, 5 P. (2d) 319; *State v. Siglea*, 196 Wash. 283, 82 P. (2d) 583; *State v. King*, 18 Wn. (2d) 747, 140 P. (2d) 283.

Between January 14, 1949, the date of the order deferring sentence upon his plea of guilty, and August 10, 1950, the date defendant filed his petition to revoke, modify, or change the order of deferment of sentence, defendant acquired no additional rights. He had the same right to petition for modification of the conditions of his probation as he had to request the court for probation in the first instance; but the order denying the petition, which was addressed to the discretion of the court, is of no higher rank than the order granting his request for probation.

Since an appeal did not lie from the order of January 14, 1949, no appeal lies from an order denying a petition for its modification.

This appeal is, therefore, dismissed.

SCHWELLENBACH, C. J., MALLERY, HILL, GRADY, HAMLEY, DONWORTH, and FINLEY, JJ., concur.