[No. 36235.   Department Two.   December 6, 1962.]

THE STATE OF WASHINGTON, *Respondent,* v. OMAR ERNEST SHANNON, *Defendant,* LAWRENCE EDWARD ATTEBERY, *Appellant.*\*

\*Reported in 376 P. (2d) 646.

*Foster & Foster,* by *Donald J. Horowitz,* for appellant.

*Hewitt A. Henry* and *Harold R. Koch,* for respondent.

HAMILTON, J.—This is an appeal by defendant Attebery from a judgment and sentence, following revocation of probation under a deferred sentence imposed pursuant to RCW 9.95.200, 9.95.210, 9.95.220, 9.95.230.[1]

---

[1]"After conviction by plea or verdict of guilty of any crime, the court upon application or its own motion, may summarily grant or deny probation, or at a subsequent time fixed may hear and determine, in the presence of the defendant, the matter of probation of the defendant, and the conditions of such probation, if granted. The court may, in its discretion, prior to the hearing on the granting of probation refer the matter to the board of prison terms and paroles or such officers as the board may designate for investigation and report to the court at a specified time, upon the circumstances surrounding the

The events pertinent to a consideration of defendant's assignments of error, in chronological order, are:

October 3, 1955, the defendant, represented by court-appointed counsel, upon entry of a guilty plea to the crime

crime and concerning the defendant, his proper record, and his family surroundings and environment. In case there are no regularly employed parole officers working under the supervision of the board of prison terms and paroles in the county or counties wherein the defendant is convicted by plea or verdict of guilty, the court may, in its discretion, refer the matter to the prosecuting attorney or sheriff of the county for investigation and report." RCW 9.95.200.

"The court in granting probation, may suspend the imposing or the execution of the sentence and may direct that such suspension may continue for such period of time, not exceeding the maximum term of sentence, except as hereinafter set forth and upon such terms and conditions as it shall determine.

"The court in the order granting probation and as a condition thereof, may in its discretion imprison the defendant in the county jail for a period not exceeding one year or may fine defendant any sum not exceeding one thousand dollars plus the costs of the action, and may in connection with such probation impose both imprisonment in the county jail and fine and court costs. The court may also require the defendant to make such monetary payments, on such terms as it deems appropriate under the circumstances, as are necessary (1) to comply with any order of the court for the payment of family support, (2) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question, and (3) to pay such fine as may be imposed and court costs, including reimbursement of the state for costs of extradition if return to this state by extradition was required, and may require bonds for the faithful observance of any and all conditions imposed in the probation. The court shall order the probationer to report to the board of prison terms and paroles or such officer as the board may designate and as a condition of said probation to follow implicitly the instructions of the board of prison terms and paroles. The board of prison terms and paroles will promulgate rules and regulations for the conduct of such person during the term of his probation." RCW 9.95.210.

"Whenever the state parole officer or other officer under whose supervision the probationer has been placed shall have reason to believe such probationer is violating the terms of his probation, or engaging in criminal practices, or is abandoned to improper associates, or living a vicious life, he shall cause the probationer to be brought before the court wherein the probation was granted. For this purpose any peace officer or state parole officer may rearrest any such person without warrant or other process. The court may thereupon in its discretion without notice revoke and terminate such probation. In the event the judgment has been pronounced by the court and the execution thereof suspended, the court may revoke such suspension, whereupon

of grand larceny, was granted a deferral of sentence and placed upon probation by the Superior Court of Thurston County.

October 29, 1955, the defendant was arrested on a technical charge in Bellingham, Washington, and held on suspicion of grand larceny.

November 14, 1955, the Prosecuting Attorney of Thurston County filed a petition to revoke defendant's probation and to impose sentence, alleging, *inter alia,* an admission by defendant to commission of the crime of grand larceny, and, further, that, unknown to the Thurston County authorities, at the time of granting probation, defendant was free on bail from a robbery charge in Oregon.

November 23, 1955, the defendant appeared before the Thurston County Superior Court, without counsel, at which time, following a hearing, during which defendant offered no evidence, probation was revoked and sentence to a penal institution imposed.

February 6, 1961, the defendant filed a petition for writ of habeas corpus in the Superior Court of Walla Walla County, seeking vacation of the order of revocation and sentence, upon the premise that he was not represented by counsel at the time of revocation and sentencing.

June 26, 1961, the Superior Court of Walla Walla County granted defendant's petition, vacated the November, 1955, order and sentence of the Thurston County Superior Court, and remanded defendant to Thurston County for further proceedings.

---

the judgment shall be in full force and effect, and the defendant shall be delivered to the sheriff to be transported to the penitentiary or reformatory as the case may be. If the judgment has not been pronounced, the court shall pronounce judgment after such revocation of probation and the defendant shall be delivered to the sheriff to be transported to the penitentiary or reformatory, in accordance with the sentence imposed." RCW 9.95.220.

"The court shall have authority at any time during the course of probation to (1) revoke, modify, or change its order of suspension of imposition or execution of sentence; (2) it may at any time, when the ends of justice will be subserved thereby, and when the reformation of the probationer shall warrant it, terminate the period of probation, and discharge the person so held." RCW 9.95.230.

July 11, 1961, counsel was appointed by the Thurston County Superior Court to represent the defendant.

August 21, 1961, upon petition for revocation, containing, in substance, the original allegations of misconduct, a hearing was held. Following testimony by the defendant's former probation officer and the defendant, the court, by oral decision, determined the defendant had violated the terms of his probation in 1955 and revoked his probation and order of deferred sentence.

August 28, 1961, the court imposed and signed sentence upon the original charge.

Commencing with the hearing of August 21, 1961, defendant, through his counsel, interposed and preserved objections to the proceedings. Such objections constitute defendant's present assignments of error, and are:

(1) The revocation proceedings of August, 1961, violated defendant's constitutional right, guaranteed by Const. Art. 1, §§ 3[2] and 22 (amendment 10)[3], and U. S. Const. Fourteenth Amendment[4], because the lapse of time precluded obtaining witnesses and impeded the effectiveness of counsel;

(2) The technical charge upon which the defendant was arrested in Bellingham, in 1955, was predicated upon an unconstitutional ordinance; and

(3) The sentence imposed by the court on August 21, 1961, failed to accord defendant credit for time previously served.

As a prelude to a consideration of defendant's first

---

[2]"No person shall be deprived of life, liberty, or property, without due process of law." Const. Art. 1, § 3.

[3]"In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county in which the offense is charged to have been committed and the right to appeal in all cases: . . ." Const. Art. 1, § 22 (amendment 10).

[4]". . . nor shall any state deprive any person of life, liberty, or property, without due process of law; . . ." U. S. Const. Fourteenth Amendment.

assignment of error, it should be borne in mind that, under our statutes and applicable decisional law:

(a) The granting of a deferred sentence and probation, following a plea or verdict of guilty, is a rehabilitative measure, and as such is not a "matter of right but is a matter of grace, privilege, or clemency granted to the deserving and withheld from the undeserving," within the sound discretion of the trial judge. *State v. Farmer,* 39 Wn. (2d) 675, 237 P. (2d) 734; *State ex rel. Schock v. Barnett,* 42 Wn. (2d) 929, 259 P. (2d) 404; *Escoe v. Zerbst,* 295 U. S. 490, 79 L. Ed. 1566, 55 S. Ct. 818; *Burns v. United States,* 287 U. S. 216, 77 L. Ed. 266, 53 S. Ct. 154.

(b) The order deferring sentence and granting probation, under our procedures, is not a final judgment from which an appeal lies. *State v. Farmer, supra; State ex rel. Schock v. Barnett, supra.*

(c) A revocation or modification proceeding under our statutes is not a *criminal prosecution* within the contemplation of Const. Art. 1, § 22 (amendment 10) entitling a defendant, as a matter of right, to the privileges therein accorded. *In re Jaime v. Rhay,* 59 Wn. (2d) 58, 365 P. (2d) 772.

(d) Fair play, due process, and the intent of our statute, in requiring that a defendant be "brought before the court wherein probation was granted" (RCW 9.95.220), entitle such defendant to be reasonably informed of the allegations of probation violation, and an opportunity to be heard thereupon. *State v. O'Neal,* 147 Wash. 169, 265 Pac. 175; *Escoe v. Zerbst, supra.*

(e) Absent statutory procedural criteria compelling formal trial in revocation or modification proceedings, the judicial function requires that the nature and extent of judicial inquiry therein, and determination thereof, be grounded upon the exercise of sound judicial discretion, fair treatment, and conscientious judgment, consistent with the ends of justice and the interests of both society and the defendant. *Burns v. United States, supra; Escoe v. Zerbst, supra; State v. O'Neal, supra.* The court need not be fur-

nished with evidence establishing beyond a reasonable doubt guilt by the probationer of criminal offenses. All that is required is that the evidence and facts be such as to reasonably satisfy the court that the probationer is "violating the terms of his probation, or engaging in criminal practices, or is abandoned to improper associates, or living a vicious life." RCW 9.95.220; *State v. Elder*, 77 S. D. 540, 95 N. W. (2d) 592.

(f) Imposition of sentence, following revocation of probation, particularly in felony cases, is part of the *criminal prosecution* within the contemplation of Const. Art. 1, § 22 (amendment 10), at which time a defendant is entitled to be represented by counsel. *In re McClintock v. Rhay,* 52 Wn. (2d) 615, 328 P. (2d) 369; *In re Levi,* 39 Cal. (2d) 41, 244 P. (2d) 403.

With the foregoing principles before us, we turn to defendant's first assignment of error.

Examination of the transcript and the statement of facts reveals that defendant was (1) required by the terms of his probation to "maintain general good behavior"; (2) accorded counsel prior to and at the hearing of August 21, 1961; (3) seasonably aware of the allegations of probation violation; (4) confronted with the testimony of the probation officer concerning his probationary conduct and accorded the right of cross-examination; and (5) allowed to testify at length upon his own behalf, during the course of which he disputed the testimony of the probation officer and testified relative to the existence of certain witnesses, the tenor of their purported testimony, and his inability to locate them. He did not request a continuance or seek to enlist the processes of the court to obtain such witnesses.

At the conclusion of the hearing, the court considered the evidence presented, determined that the purported testimony of the witnesses, about which defendant spoke, would be, if admissible, cumulative, concluded that defendant had violated the terms, conditions, and intent of his probation, and, in the exercise of its discretion, ordered revocation of the privilege of probation and the order deferring sentence.

Thereafter, on August 28, 1961, with the defendant and his counsel present, the court imposed sentence upon the original charge.

We are satisfied, upon the basis of the record before us, that the court, in revoking defendant's probation and order of deferred sentence, and in imposing sentence, did not abuse its discretion or abridge any of defendant's statutory or constitutional rights.

The defendant, by his second assignment of error, asserts:

". . . the court erred in considering the charge that Appellant [defendant] violated the ordinance of the City of Bellingham which makes it a misdemeanor for an ex-convict to fail to register as such, in that said ordinance violates the due process clause of the Fourteenth Amendment of the United States Constitution."

This assignment is without merit. The record does not support defendant's contention that the court premised its revocation of probation upon an alleged violation of the ordinance in question. The record indicates larcenous acts of the defendant as the basis of the court's action.

■ Defendant's third assignment of error asserts the sentencing court erred in refusing to grant credit, upon the sentence imposed August 28, 1961, for the time defendant had served under the vacated sentence imposed on November 23, 1955.

On the face of the record, as it now stands, subject only to the discretion of the Board of Prison Terms and Paroles, in fixing the minimum, defendant's sentence would commence to run from August 28, 1961. RCW 9.95.060, 9.95.061, 9.95.062. This is unjust.[5]

We deem our holding in *Lindsey v. Superior Court*, 33 Wn. (2d) 94, 204 P. (2d) 482, controlling. We there said [p. 104]:

"We are of the opinion, and declare, that in a case where a convicted person is entitled to a time credit for prior imprisonment, the judgment and sentence entered by the

[5]It should be noted, as revealed by the record and the briefs, defendant, since the sentence of November 23, 1955, has been once paroled, had his parole revoked, and has been tried and sentenced for escape.

superior court should so state on its face, and that such credit should then apply on the maximum sentence imposed by the court and also upon the 'duration of confinement' when fixed by the board of prison terms and paroles; this can easily be accomplished by having the judgment state the time from which the sentence and imprisonment thereunder shall run."

The cause is remanded to the superior court with directions to so amend the judgment and sentence.

FINLEY, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.

*Reported in 376 P. (2d) 658.