[No. 38679. Department Two. June 16, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. LEA PROCTOR, *Appellant.**

*Clay Nixon,* for appellant.

*Charles O. Carroll* and *John S. Ludwigson,* for respondent.

PER CURIAM.—Lea Proctor was found guilty of the crime of petit larceny by a jury in the superior court.[1] The trial judge thereafter entered an "Order Deferring Imposition of Sentence" on November 29, 1965 which read in part as follows:

". . . The Defendant having made applicaton to the Court for probation and the Court having found Defendant eligible under the law to be granted probation, and the Court being fully advised in the premises, it is therefore,

ORDERED that the imposition of sentence against the Defendant herein be, and the same is hereby deferred for a period of 6 months, from date upon the following terms and conditions, to-wit:

That the Defendant follow implicitly the instructions of the Board of Prison Terms and Paroles and the rules and regulations promulgated by the said Board for the conduct of the Defendant during the term of his probation hereunder.

That the Defendant serve a term of 30 days in King County Jail beginning on Jan. 3, 1966. That Defendant

*Reported in 415 P.2d 634.

[1]This was an appeal from a justice court conviction.

pay all court costs including extradition expense, within 90 days from the date of this order.

The Defendant is hereby ORDERED committed to King County Jail to serve said term of 30 days, beginning Jan. 3, 1966.

IT IS FURTHER ORDERED that this order shall remain in full force and effect until the further order of the Court or until the same is revoked, modified or changed, or the period of probation is terminated by an order of the Court as provided by law.

IT IS FURTHER ORDERED that the Defendant shall be released from the custody of the Sheriff of King County to an Officer of the Board of Prison Terms and Paroles, to receive his instructions, upon completion of said county jail term."

Notice of appeal was given on December 20, 1965. The state has moved to dismiss the appeal, contending that an order deferring sentence is not appealable, and relying on *State v. Shannon,* 60 Wn.2d 883, 376 P. 2d 646 (1962), and *State v. Farmer,* 39 Wn.2d 675, 237 P.2d 734 (1951).

We have held that where a sentence is imposed and then suspended,[2] there can be an appeal. *State v. Liliopoulos,* 165 Wash. 197, 5 P.2d 319 (1931). However, we have held that where there is a deferment and no sentence is imposed, there is no appeal, and the cases cited by the state so hold.

For the first time, following a contested trial, we are here confronted with the claim of a right to appeal from an order deferring sentence conditioned upon the defendant's serving time in jail.

The state argues that a deferment is a matter of grace, and not of right. A trial judge can grant it or refuse it. By the same token, the person who has been convicted of a crime can, if a deferred sentence is granted, accept it or refuse it. The state contends further that a jail sentence as a condition under the deferred sentence procedure is what the trial judge deems to be a desirable part of the rehabilitative proc-

___

[2]For the distinction between suspended sentence and deferred sentence, see *State v. Davis,* 56 Wn.2d 729, 355 P.2d 344, (1960). The suspension statute is RCW 9.92.060, and the deferment statute, RCW 9.95.210.

ess; and if the person accorded this opportunity for a clean record does not want to accept the conditions imposed as a part of the deferment, he has the right to reject it and to have the court enter a judgment and sentence from which he can appeal. In short, the state says the convicted defendant given the opportunity of a deferment can take it or leave it, but cannot appeal if he accepts it.

While the state's argument is not without merit, we are satisfied that where, as here, a defendant desires to appeal on the basis that trial errors resulted in his or her conviction, such defendant should not be confronted with a "Hobson's choice" between waiving his or her appeal, and serving a sentence, or paying a fine, or both, to secure deferment; or insisting that a judgment and sentence be imposed so that he or she could exercise the constitutional guarantee of "the right to appeal in all cases." Const. art. 1, § 22.

If a person is wrongfully convicted, a deferred sentence conditioned upon a term in jail or a fine, will not correct the wrong.

■ We accordingly modify the rule announced in *State v. Farmer*, 39 Wn.2d 675, 237 P.2d 734 (1955), to permit an appeal following a contested trial from an order deferring sentence conditioned upon serving time in jail or the payment of a fine. Such an appeal would be limited to a review of claimed trial error and, if the conviction is affirmed, it would be res judicata as to any subsequent appeal upon the merits.

The motion to dismiss the appeal is denied.

----

September 12, 1966. Petition for rehearing denied.