[No. 39610.    Department One.    October 3, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES MC-
DONALD, JR., *Appellant*.*

*Perry J. Robinson*, for appellant.

*Lincoln E. Shropshire, Patrick H. Olwell*, and *F. James Gavin*, for respondent.

WEAVER, J.—Defendant-appellant was charged jointly with John K. Swanson by two separate informations with the crimes of grand larceny and second degree assault. The two charges were consolidated, but the court granted the codefendants separate trials.[1]

*Reported in 445 P.2d 635.

[1] John K. Swanson's conviction of grand larceny and second degree assault by a jury was affirmed in *State v. Swanson*, 73 Wn.2d 698, 440 P.2d 492 (1968).

A jury having found defendant guilty of grand larceny, but not guilty of assault, the trial court deferred sentence and granted defendant probation for a period of 2 years.

■ Prior to oral argument in this court, the state moved to dismiss defendant's appeal on the ground that the deferred sentence was not an appealable order. In *State v. Proctor,* 68 Wn.2d 817, 415 P.2d 634 (1966), this court held that a defendant, found guilty after a *contested* trial, had the right to appeal to this court in order to test alleged trial errors even though the trial court, in its discretion, had deferred sentence and granted probation. The circumstances of the instant case meet this test.

The motion to dismiss the appeal is denied.

Defendant contends it was error for the trial court to consolidate for trial the charges of grand larceny and second degree assault. We do not agree.

RCW 10.37.060 provides in part:

> When there are several charges against any person, . . . for the same act or transaction, *or for two or more acts or transactions connected together,* . . . instead of having several . . . informations the whole may be joined in one . . . information, in separate counts; and, if . . . *two or more informations* [are] *filed, . . . the court may order such . . . informations to be consolidated.* (Italics ours.)

■ By use of the word "may" the legislature has clearly placed considerable discretion in the trial court in its determination whether two informations should be consolidated for trial. *Seattle v. Gardner,* 54 Wn.2d 112, 338 P.2d 125 (1959); *State v. Mason,* 41 Wn.2d 746, 252 P.2d 298 (1953).

As this court pointed out in *State v. Swanson, supra:*

> The facts giving rise to the charge involve the disappearance of money from the cash register at a gasoline station and the resulting struggle between the station owner and the defendant. Further recitation of the facts would serve no decisional purpose.

It is sufficient to state that the two charges—grand larceny and assault—were "two . . . acts or transactions

connected together"; they arose out of the same set of circumstances.

The jury found defendant not guilty of second degree assault. We find nothing in the record that indicates that defendant was prejudiced by the consolidation of the informations for trial or that the trial court abused the discretion vested in it by RCW 10.37.060.

The state contended that the modus operandi of defendant and Swanson was to drive their overheated automobile into a service station; while defendant distracted the attention of the service station operator by having him inspect the car and engage in conversation concerning its repair, Swanson would rifle, or attempt to rifle, the cash register.

The evidence which the jury was entitled to believe disclosed three similar episodes occurring the same day. After the first, the station operator discovered money missing from his cash register; during the second, Mr. Swanson was seen attempting to pry open the cash register with a screwdriver. The operator told defendant and Mr. Swanson to leave. The charges of the instant case spring from the third episode. Mr. Swanson was observed leaving an open till with money in his hand.

The moment it appeared to the trial judge that the state was about to offer evidence of the first two episodes, upon which no charges are based, he excused the jury.

The state made an extended offer of proof. After due consideration, the evidence was ruled to be admissible for the purpose of establishing defendant's intent to participate in the alleged crime.

It was also apparent to the trial judge that the claimed status of defendant in the commission of the alleged larceny was that of an aider or abettor as defined by RCW 9.01.030; hence, when the jury returned to the courtroom, the trial judge (a) orally defined the legal status of one who aids or abets the commission of a crime and (b) meticulously explained that the alleged facts of the first two episodes were to be admitted in evidence

solely for the purpose of providing you with evidence that you will consider as triers of the fact in determining

whether or not the criminal intent [of defendant] has been proved by the state.

It [the evidence] goes strictly to his intent and the intent which he had. You can't, in effect, attempt to prove one crime by the commission of another crime growing out of a disjointed effort.

■ The court did not err when, during trial, it orally defined the status of one who allegedly aids or abets the commission of a crime. The court's explanation was made more specific upon this issue in its final jury instructions to which no error is assigned.

■ Nor was it error to admit evidence of the first two episodes and to give instruction No. 13, which correctly set forth the legal basis for its admission; namely, that such evidence could be considered only if, in the jury's opinion, it tended to establish the existence of a criminal *intent* on the part of the defendant to commit the alleged offense of grand larceny. *State v. Goebel,* 40 Wn.2d 18, 240 P.2d 251 (1952).

Finally, the record contains sufficient evidence which, if believed by the jury, supports its verdict.

Affirmed.

FINLEY, C. J., HALE and McGOVERN, JJ., and WALTER-SKIRCHEN, J. Pro Tem., concur.