[No. 40218.  Department Two.  March 13, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES PATRICK AGERS, *Appellant*.*

*Wm. Keylor Smith*, for appellant (appointed counsel for appeal).

*Arthur R. Eggers*, for respondent.

*Reported in 451 P.2d 923.

ROSELLINI, J.—The appellant was found guilty of the crime of forgery in the first degree. His court appointed counsel has filed a brief on this appeal in which he states that he can find only two possible grounds upon which to assign error.

One of these is that the court erred in admitting evidence of another forgery committed by the appellant at approximately the same time as the forgery with which he was charged and involving the use of a payroll check of the same company and payable to the same payee. After assigning the admission of this evidence as error, counsel declines to offer any argument in support of it, conceding that the evidence was relevant and proper as bearing on the question of intent and of identity, as we recently held in *State v. McDonald*, 74 Wn.2d 563, 445 P.2d 635 (1968).

The second assignment of error is argued with greater fervor, as will appear later in this opinion.

Dissatisfied with his counsel's brief, the appellant himself has filed a "supplemental brief" in which he alleges that he was denied due process and equal protection because of a number of occurrences which he claims to have been improper. One only of these contentions was raised at the trial level, and therefore it is not surprising that the appellant is unable to point to any alleged error of the trial court, as is required under Rule on Appeal 43, RCW vol. 0, in order to obtain the consideration of this court.

We have examined these contentions, however, and find that, insofar as any of them has any merit, it does not concern an irregularity of any substance which could conceivably have affected the verdict, so it cannot be suggested that the appellant's counsel was negligent in failing to raise them by proper objections at the trial level.

Furthermore, the appellant cannot be heard to say that his counsel overlooked the obvious. At the close of the trial and before the verdict was returned, the trial judge asked the appellant to voice any complaint which he might have about the manner in which his defense was conducted. He gave him an opportunity to think the matter over, and the

only complaint which the appellant was able to think of was that his counsel had refused or failed to subpoena his accomplice as a witness and to require the prosecution to produce another forged check which he himself had not cashed. He made no attempt to explain to the trial court how this check could have aided his defense, nor does his brief in which the contention is urged again throw any light on that aspect of it. We fail to perceive how the fact that a third party forged another check in the same series would tend to exonerate the defendant on the charge brought against him. Neither does he suggest what testimony the accomplice would have offered in aid of his defense.

In the absence of any showing that he was prejudiced by the failure to secure this evidence, it cannot be said that his counsel was negligent or even that he exercised questionable judgment in refusing to accede to this request of his client, or that the trial court erred in failing to recess the trial until the witness and the evidence could be produced.

The trial court expressed the opinion that the appellant's counsel had done an outstanding job of defending him. The evidence against the appellant was clear, cogent and convincing and counsel had little to work with by way of defense. The fact that he has filed a brief on appeal and advanced a rather esoteric argument in support of one of his contentions attests to the diligence with which he has defended his client.

The contention which counsel argues with all the force he is able to muster is that a confession given by the appellant to an investigating officer in Oregon was inadmissible. Although he concedes that the officer read the "Miranda warning" to the appellant before taking the statement, he suggests that the appellant possibly did not understand the warning. The rationale seems to be that no person would confess that he committed a crime if he truly understood that he might be prosecuted as a result.

The record shows that the payroll check for the passing of which the appellant was prosecuted was stolen from the

Ready Mix Sand & Gravel Company, Inc., of Milton-Freewater, Oregon, by a companion of the appellant, who filled in the amount of approximately $236 on the company's check protector and signed it with a fictitious signature. The check was taken into the state of Washington and cashed by the appellant at a Safeway store in Walla Walla. In order to cash the check, the appellant forged the name of his companion, Talbott, as endorser, Talbott having made the check payable to himself. The appellant also presented Talbott's driver's license as identification.

The appellant and Talbott were subsequently arrested in California and returned to Oregon, upon waiving extradition. In the jail at Pendleton, Oregon, the appellant was visited by a man who introduced himself as an investigating officer and read to him the Miranda warning. The man then told him that he was investigating the burglary of the Ready Mix Sand & Gravel Company, Inc., and asked him if he wished to make a statement. The appellant said that he did. He then said that a companion did the burglary, that he did not participate, and that he cashed two of the stolen checks in Washington.

It is not contended that the statement was coerced or induced by any promise. The appellant was not subjected to a lengthy interrogation nor was he held incommunicado prior to making the statement. There was no evidence that he lacked the mental capacity to understand the warning or his rights. It is simply the position of the appellant that he would not have said anything about cashing the two checks if he had realized that he might be prosecuted in Washington for these offenses. Having just been returned to Oregon from California, the appellant can hardly be heard to say that he was not aware that law enforcement officers of adjoining states communicate with each other. Perhaps he thought that passing a forged check is not a crime, even though the person passing the check endorses it with a forged signature of the original forger.

A number of cases are cited which set forth the circumstances under which a confession may not be legally taken. None of them holds or suggests that a defendant's confes-

sion is tainted by his belief that the acts which he confesses do not constitute a crime, or his belief that his statement cannot be used against him in another state, if those beliefs are not induced by any misrepresentation of the interrogator. Our research has revealed no authority for such a proposition and we are certain that none exists.

Where it has been contended that a confession was involuntary because the confessor was motivated by a desire to protect another person, the courts have uniformly held that such motivation does not render the confession inadmissible, in the absence of a showing that the belief or hope of the defendant was inspired by official threats or promises. *See* Annot., 80 A.L.R.2d 1438 (1961). Accordingly, it is stated in 29 Am. Jur. 2d *Evidence* § 543 (1967), at 595, that an improper inducement which will exclude a confession must be external—that is, that the motive of hope or fear must be directly applied by a third person, and must not arise merely from the operations of the accused's mind.

■ We hold, in harmony with this principle, that a confession is not rendered involuntary by the fact that the defendant supposes that his acts do not constitute a crime or that he will not be prosecuted, where that supposition is not inspired by any false statement or suggestion on the part of the official or officials soliciting the statement. The Miranda warning is given so that the defendant may have an opportunity to remain silent or have the advice of counsel if he has any mental reservations about giving a statement. If he does not exercise his rights at that time, he cannot later be heard to say that his statement was not freely given, when what he thought was exculpatory proves to be incriminating.

The investigating officer advised the appellant that anything which he said could be used against him in a court of law. The appellant had also been advised of his rights in California, and his father's attorney had at one time explained them to him. He was told that he could have the advice of court appointed counsel if he could not afford to hire counsel. The trial court found, and the evidence sustains its findings, that the statement was voluntarily and

516

freely given and that the appellant waived the right to remain silent and to have the advice of counsel before giving any statement.

The judgment is affirmed.

HUNTER, C. J., HALE and NEILL, JJ., and JOHNSEN, J. Pro Tem., concur.