[No. 42522.    En Banc.    December 7, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES KUHN, *Petitioner.*

*Ralph I. Thomas* and *Stewart & Thomas, Inc., P.S.,* for petitioner (appointed counsel for appeal).

*L. Edward Brown, Prosecuting Attorney,* by *Curtis M. Janhunen, Deputy,* for respondent.

FINLEY, J.—This is an appeal by the defendant-appellant, Charles Kuhn, from a decision of the Court of Appeals which affirmed the judgment and sentence of the Grays Harbor County Superior Court to revoke his probation under a deferred sentence.

The facts of this case are as follows: On April 30, 1971, appellant Kuhn entered a plea of guilty to an information

charging him with the crimes of second-degree burglary and grand larceny. On June 25, 1971, judgment was entered deferring his sentence 3 years on condition that he be on his good behavior, report to and obey the rules of the Board of Prison Terms and Paroles, and pay court costs. On July 6, 1971, a police officer conducted a warrantless search of Kuhn's apartment, having gained access thereto when the landlord crawled through a broken window and opened the door. In searching the apartment, the officer discovered miscellaneous food items and a radio allegedly taken from another tenant. On August 23, 1971, a petition to revoke the appellant's deferred sentence was filed. On September 4, 1971, a second search was conducted in Kuhn's apartment by a member of the Aberdeen Police Department. As to this investigation, the record shows that Kuhn had asked his sister to remove his possessions from his apartment because he was behind in his rent. Kuhn had given the apartment key to his sister, as well as written permission to the police officer to accompany her. This search turned up more allegedly stolen goods. As a result of this search, an amended petition to revoke the appellant's deferred sentence was filed on September 29, 1971. The probation revocation hearing was held on October 4, 1971. At this hearing, the fruits of both searches and testimony concerning these items were presented. Upon the basis of this evidence, as well as additional evidence relating to a conviction for disorderly conduct, a failure to pay court costs as ordered, and a failure to keep the court continually apprised of his place of residence, the court revoked the appellant's deferred sentence. On appeal, the Court of Appeals affirmed revocation of probation. We then granted a petition by appellant Kuhn to review that decision.

The claim of the appellant that the trial court should not have revoked his probation rests upon the contentions that (1) "tainted evidence"—the items found in the July 6, 1971, search of his apartment—should not have been admitted or considered by the court, and (2) the appellant had insufficient time between the filing of the amended petition

for revocation on September 29, 1971, and the probation revocation hearing on October 4, 1971, to prepare his defense and to obtain witnesses in his own behalf. It is our opinion that neither of these contentions merits reversal of the trial court's decision to revoke the appellant's probationary status.

■ The nature and purpose of probation has been well established by this court:

> The granting of a deferred sentence and probation, following a plea or verdict of guilty, is a rehabilitative measure, and as such is not a "matter of right but is a matter of grace, privilege, or clemency granted to the deserving and withheld from the undeserving," within the sound discretion of the trial judge. *State v. Farmer,* 39 Wn. (2d) 675, 237 P. (2d) 734; *State ex rel. Schock v. Barnett,* 42 Wn. (2d) 929, 259 P. (2d) 404; *Escoe v. Zerbst,* 295 U. S. 490, 79 L. Ed. 1566, 55 S. Ct. 818; *Burns v. United States,* 287 U. S. 216, 77 L. Ed. 266, 53 S. Ct. 154.

*State v. Shannon,* 60 Wn.2d 883, 888, 376 P.2d 646 (1962). As with the granting of probation, the decision to revoke a deferred sentence and probationary status rests in the sound discretion of the trial court. *State v. Riddell,* 75 Wn.2d 85, 449 P.2d 97 (1968); *State v. Giraud,* 68 Wn.2d 176, 412 P.2d 104 (1966). At the probation revocation hearing, the court need not be furnished with evidence establishing guilt of criminal offenses beyond a reasonable doubt. *State v. Shannon, supra.* All that is required is that the evidence and facts be such as to reasonably satisfy the court that the probationer has breached a condition under which he was granted probation, or has violated any law of the state or rules and regulations of the Board of Prison Terms and Paroles. *State v. Shannon, supra;* RCW 9.95.220; RCW 72.04A.090.

In the case before us the record indicates that, in addition to the allegedly stolen items found in the July 6, 1971, search of the appellant's apartment which appellant contends constituted "tainted evidence", the court received evidence which indicated that the appellant had neither

paid court costs nor informed the court of changes in residence, both of which were conditions of his probation. Further, the appellant admitted upon cross-examination that he had been convicted of disorderly conduct in the Hoquiam Municipal Court. Finally, the appellant admits that the allegedly stolen items found in the September 4, 1971, search of his apartment were not obtained in violation of the Fourth Amendment prohibition against unreasonable searches and seizures. We therefore conclude that, even in the absence of the items seized in the first search of the appellant's apartment, sufficient evidence existed to reasonably satisfy the court that the appellant had both breached the conditions of his probation and violated state law. Since this adequately resolves the question of the sufficiency of the evidence to sustain the trial court's decision to revoke probation, we do not reach the merits of the appellant's contention that the items found in the July 6, 1971, search were seized in violation of the Fourth Amendment.

Regarding the second contention of the appellant that insufficient time existed between the filing of the amended petition and the hearing in which to prepare his defense and obtain witnesses in his behalf, since the appellant "did not request a continuance or seek to enlist the processes of the court to obtain such witnesses," he should not now be allowed to profit from his silence. *State v. Shannon, supra* at 889; *see* RCW 4.44.040.

Accordingly, the decision of the trial court to revoke the probationary status of the appellant is hereby affirmed.

HAMILTON, C.J., ROSELLINI, HUNTER, HALE, STAFFORD, WRIGHT, and UTTER, JJ., concur.