[No. 43288.    En Banc.    October 2, 1975.]

THE STATE OF WASHINGTON, *on the Relation of* JACK E. MILLER, *Respondent*, v. JACK G. NELSON *et al, Appellants.*

*Slade Gorton, Attorney General,* and *James R. Silva, Assistant,* for appellants.

*Alva C. Long,* for respondent.

FINLEY, J.—This case involves a challenge to the constitutionality of certain provisions in RCW 46.61 and RCW 46.20, which require revocation of a driver's license under certain conditions. The Superior Court ruled that these provisions, as applied to respondent, denied him due process and equal protection of the law. Accordingly, a writ of prohibition was issued directing the Department of Motor Vehicles not to suspend the respondent's driver's license. We reverse.

The pertinent facts are as follows: Respondent was charged with driving while under the influence of intoxicating liquor. Respondent pleaded not guilty but, nevertheless, was found guilty by the Renton District Court. However, the court deferred imposition of sentence for 1 year.

The order of deferral is not in the record, but it apparently was not conditioned upon the respondent either paying a fine or serving any jail time.

The District Court thereupon sent the abstract of record to the Department of Motor Vehicles. RCW 46.61.515(4)[1] provides that anyone convicted of driving a motor vehicle while under the influence of intoxicating liquor shall have his or her license suspended for not less than 30 days. RCW 46.20.270[2] defines a conviction to include any finding of guilt on a traffic charge, regardless of whether imposition of sentence is deferred. In accordance with these statutory provisions, the Department of Motor Vehicles automatically ordered respondent's driver's license suspended for 30 days.

Another statutory provision—RCW 46.61.515(5)[3] pro-

[1]"46.61.515 Driving while under the influence of intoxicating liquor or drugs—Penalties—Penalty assessments in addition to fines, etc.—Suspension or revocation of license—Appeal. (1) Every person who is convicted of a violation of (a) driving a motor vehicle while under the influence of intoxicating liquor or (b) driving a motor vehicle while under the influence of a narcotic drug, or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle shall be punished by imprisonment for not less than five days nor more than one year, and by a fine of not less than fifty dollars nor more than five hundred dollars.

". . .

"(4) The license or permit to drive or any nonresident privilege of any person convicted of either of the offenses named in subsection (1) above shall:

"(a) Be suspended by the department for not less than thirty days;"

[2]"46.20.270 Conviction of mandatory license suspension or revocation offense—Procedure—Court to forward records of convictions—'Conviction' defined. . . .

". . .

"(3) For the purposes of Title 46 RCW the term 'conviction' shall mean a final conviction in either a state or municipal court. An unvacated forfeiture of bail or collateral deposited to secure a defendant's appearance in court, the payment of a fine, a plea of guilty or a finding of guilt on a traffic law violation charge, shall be equivalent to a conviction, under Title 46 RCW regardless of whether the imposition of sentence is deferred or the penalty is suspended."

[3]"(5) In any case provided for in this section, where a driver's license is to be revoked or suspended, such revocation or suspension shall be stayed and shall not take effect until after the determination of any appeal from the conviction which may lawfully be taken, but in

vides that in the event that an appeal is taken from any conviction for which a driver's license is to be revoked or suspended, the license suspension shall be stayed until after the determination of such appeal. However, respondent concluded—apparently on the basis of *State v. Proctor*, 68 Wn.2d 817, 415 P.2d 634 (1966)—that he could not appeal his deferred sentence because it was not a final judgment. Therefore, respondent filed this action in Superior Court, alleging that he was denied due process and equal protection of the law and secured the above-mentioned writ of prohibition.

The basic issue in this case is whether respondent was denied due process or equal protection of the law. Respondent argues that defendants such as himself who receive deferred sentences that are not conditioned upon payment of a fine or serving jail time may not appeal their conviction because there is no final judgment from which to appeal, *State v. Proctor, supra*. Pursuant to RCW 46.61.515(4), such defendants automatically have their licenses suspended. In contrast, all other defendants who are convicted of driving while under the influence of an intoxicating liquor are granted the right to appeal—including those whose sentence is suspended, *State v. Liliopoulos*, 165 Wash. 197, 5 P.2d 319 (1931), and those whose deferred sentence is conditioned upon payment of a fine or serving jail time, *State v. Proctor, supra*. Pursuant to RCW 46.61.515(5), this latter group of defendants will have their license suspension automatically stayed during the appeal. Respondent contends that the disparity between the rights accorded to defendants who receive a deferred sentence, not conditioned upon payment of a fine or serving jail time, and the rights accorded to all other defendants is violative of equal protection and due process.

The vice of this argument, however, is respondent's premise that he had no right to appeal the deferred sen-

case such conviction is sustained on appeal such revocation or suspension shall take effect as of the date that the conviction becomes effective for other purposes."

tence. Respondent has apparently overlooked our decision in *State v. McDonald*, 74 Wn.2d 563, 445 P.2d 635 (1968), which was rendered subsequent to *State v. Proctor, supra*. In *State v. McDonald, supra*, an appeal of a deferred sentence imposed after a *contested trial* was allowed even though the sentence was not conditioned upon serving jail time or paying a fine. The only requirement articulated in *State v. McDonald, supra*, for a defendant to take an appeal was that he be found guilty after a *contested trial*. The circumstances of the instant case meet this requirement previously enunciated in *State v. McDonald, supra*, and respondent accordingly could have appealed.

Since respondent could have appealed, it is obvious that he is treated precisely the same as all other defendants convicted of driving while under the influence of intoxicating liquor. Therefore, respondent was not denied due process or equal protection of the law, and the writ of prohibition should not have issued.

For the foregoing reasons, the judgment of the trial court should be reversed. It is so ordered.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.

Petition for rehearing denied November 26, 1975.