[No. 2696–2.   Division Two.   August 15, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. RONALD CYGANOWSKI, *Appellant.*

*Thomas M. Geisness,* for appellant.

*Craig A. Ritchie, Prosecuting Attorney,* for respondent.

SOULE, J.—The defendant appeals from the revocation of his probation.

On January 17, 1975, defendant entered a plea of guilty to the charge of grand larceny. He was subsequently granted probation by the trial judge. In June of that year, the order of probation was amended to include as a condition that defendant refrain from engaging in any assaultive behavior. On September 15, 1976, defendant was involved in an incident which resulted in his arrest. Defendant was accused of swinging an axe at an individual during a disagreement. As a result of this incident, the State requested that defendant's probation be revoked. Upon completion of a revocation hearing, the trial court found that the defendant had engaged in "assaultive behavior" in violation of the

conditions of his probation, and granted the State's request. Thereafter, defendant was tried by a jury on the assault charge and was acquitted.

Defendant does not contest the sufficiency of the evidence to support the revocation, but does contend that the trial court abused its discretion by holding the revocation hearing prior to the trial on the criminal charge. We find no abuse of discretion and affirm the revocation.

■■ We note preliminarily that there is no constitutional requirement that the trial be held prior to the revocation hearing. *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973); *Flint v. Howard,* 110 R.I. 223, 291 A.2d 625 (1972); *State v. Ryan,* 166 Mont. 419, 533 P.2d 1076 (1975). Furthermore, if the hearing had been delayed until after the trial, an acquittal would not have prevented a revocation of probation due to the differing standards of proof. *Standlee v. Smith,* 83 Wn.2d 405, 518 P.2d 721 (1974); *State v. Kuhn,* 81 Wn.2d 648, 503 P.2d 1061 (1972).

■ In examining the trial court's exercise of discretion, several precepts should be kept in mind. Probation is not a matter of right, but rather a matter of grace or privilege which is conferred upon the defendant. *State v. Shannon,* 60 Wn.2d 883, 376 P.2d 646 (1962). In granting probation, the judge must balance the right of the public to protection with the public interest in providing for rehabilitation of the offender. *State v. Kuhn,* 7 Wn. App. 190, 499 P.2d 49 (1972), *aff'd,* 81 Wn.2d 648, 503 P.2d 1061 (1972). Similarly in considering the possible revocation of probation, the judge must determine whether the objective of rehabilitation is being achieved and whether the defendant's liberty is posing a danger to the public. *Commonwealth v. Kates, supra;* RCW 9.95.230.

■■ By alleging an abuse of discretion, defendant has, in effect, asserted that no reasonable man would have held the hearing prior to the criminal trial. *State v. LaRoque,* 16 Wn. App. 808, 560 P.2d 1149 (1977). We find such an assertion to be without merit for two reasons. First, the defendant, who at the time of the hearing was represented

by a different attorney, did not seek a continuance of the proceedings.[1] Where an appellant has failed to seek a continuance of the revocation hearing, he will not be permitted thereafter to profit by his own silence. *State v. Kuhn,* 81 Wn.2d 648, 503 P.2d 1061 (1972). Secondly, although a defendant may request a continuance, that request may be properly denied due to society's interest in a quick resolution of the allegations of a probation violation whenever that defendant's liberty may pose a danger to the public. *See Commonwealth v. Kates, supra.* In this case, defendant's probation had been expressly conditioned upon his refraining from "assaultive behavior." Only a showing of assaultive behavior was needed to prove a violation of probation, and not a conviction of assault. Because of the seriousness of the allegations, the State had a substantial interest in holding a prompt hearing to determine their truthfulness and whether defendant should retain the privilege of probation.

In light of the purposes and policies which underlie the granting of probation and the facts of this case, we find that the failure to continue the revocation hearing until after the criminal trial was not an abuse of discretion and we affirm.[2]

PEARSON, C.J., and PETRIE, J., concur.

---

[1] The record on appeal fails to indicate whether defendant made such a motion and thus an appeal from an alleged denial of it should be dismissed. *State v. Emmanuel,* 49 Wn.2d 109, 298 P.2d 510 (1967).

[2] In support of his appeal, defendant has placed great reliance upon the allegation that the trial court would have given considerable weight to the acquittal had the criminal trial taken place first. However, a reading of the trial judge's comments reveals that he had no misgivings arising from the fact that he had resolved the facts differently from the jury at the criminal trial. The only uncertainty expressed by Judge Moffett was as to the legal effect which an acquittal might have upon the prior determination of a probation violation.