[No. 36715-7-II.   Division Two.   November 18, 2008.]

THE CITY OF ABERDEEN, *Petitioner*, v. FRANCIS JAMES REGAN, *Respondent.*

*Eric S. Nelson, City Attorney*, for petitioner.

*Eric J. Nielsen* and *David B. Koch* (of *Nielsen, Broman & Koch, PLLC*), for respondent.

¶1 HOUGHTON, J. — The superior court reversed and remanded a municipal court finding that Francis Regan violated a condition of his probation. The city of Aberdeen (City) appeals, arguing that the superior court erred because it applied the wrong burden of proof. The City contends that revoking probation based on a violation of a "no criminal violations of the law" condition does not require a finding of proof beyond a reasonable doubt but instead requires evidence sufficient to reasonably satisfy the municipal court that Regan violated a probationary condition. Clerk's Papers (CP) at 55. We agree and reverse and remand.

## FACTS

¶2 On January 13, 2005, the Aberdeen Municipal Court found Regan guilty of fourth degree assault, sentenced him to 365 days of jail with 360 days suspended, and placed him on probation for 24 months. As one of the conditions of his probation, Regan agreed to commit "no criminal violations of the law." CP at 55.

¶3 On April 28, 2006, the City charged Regan with fourth degree assault and criminal trespass. As a result of these new charges, the City petitioned the municipal court for a probation revocation hearing, which the court continued until after trial. At trial, a jury acquitted him of both criminal trespass and fourth degree assault.

¶4 At the probation revocation hearing, the municipal court revoked five days of Regan's suspended sentence. The judge, who had also presided at the criminal trial, ruled that although the jury found Regan not guilty using a beyond a reasonable doubt standard, the evidence supported "at least a criminal trespass violation." CP at 36. Regan appealed to the superior court.

¶5 The superior court agreed with the City "that an acquittal in a criminal proceeding does not preclude revocation of a suspended sentence." CP at 55. But the superior court reversed the municipal court, reasoning that Regan's

probation conditions prohibited " 'criminal violations of the law' " and, therefore, any violation must be proved beyond a reasonable doubt. CP at 55.

¶6 We granted the City's motion for discretionary review.

## ANALYSIS

¶7 The City contends that revocation of probation based on a violation of a "no criminal violations of the law" condition does not require a finding of proof beyond a reasonable doubt.[1] Instead, the City argues that it—revocation of probation—requires evidence sufficient to reasonably satisfy a court that the defendant violated a condition of probation. The City asserts that the municipal court punished Regan not for his 2006 assault and trespass charges for which the jury acquitted him, but for violating the conditions of his probation imposed after his 2005 assault conviction.

¶8 Courts allow probation not as a right, but as a rehabilitative measure " 'granted to the deserving and withheld from the undeserving' within the sound discretion of the trial judge." *State v. Kuhn*, 81 Wn.2d 648, 650, 503 P.2d 1061 (1972) (internal quotation marks omitted) (quoting *State v. Shannon*, 60 Wn.2d 883, 888, 367 P.2d 646 (1962)). On review, we apply a de novo standard, sitting in the same position as the trial court with respect to this question of law. *State v. Womac*, 160 Wn.2d 643, 649, 160 P.3d 40 (2007).

¶9 Both parties rely on *In re Habeas Corpus of Standlee*, a habeas corpus case where the court reaffirmed the validity of the trial court's parole revocation even after the defendant's acquittal of underlying felony charges. 83 Wn.2d 405, 406-07, 518 P.2d 721 (1974). As the *Standlee*

---

[1] We note that the phrase "no criminal violations of the law" might be ambiguous, but the rule of lenity does not apply in the probation conditions context. Rather, the trial court has broad discretion in determining the conditions and whether the probationer has violated them. RCW 3.50.340; RCW 3.66.069; RCW 9.95.230; *see State v. Kuhn*, 81 Wn.2d 648, 650, 503 P.2d 1061 (1972).

court explained, even when probation revocation hearings and criminal trials are premised on the same alleged violation, the two carry distinct burdens of proof, thereby precluding application of collateral estoppel and res judicata.[2] 83 Wn.2d at 408-09. The Supreme Court has firmly established that the standard of proof in a criminal trial is "beyond a reasonable doubt." *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Likewise, the *Standlee* court recognized that the burden of proof in probation revocation proceedings is whether " 'the evidence and facts be such as to reasonably satisfy the court that the probationer has breached a condition under which he was granted probation.' " 83 Wn.2d at 409 (quoting *Kuhn*, 81 Wn.2d at 650).

¶10 Here, the superior court determined that the probationary condition of "no criminal violations of the law" requires proof beyond a reasonable doubt because the condition contains the word "criminal." CP at 55. But *Standlee* dictates the opposite conclusion.[3] 83 Wn.2d at 408-09; *see also State v. Johnson*, 92 Wn.2d 598, 600 n.2, 599 P.2d 529 (1979) (acknowledging that under *Standlee* "collateral estoppel does not bar a parole board from finding the accused guilty of violations after the accused has been acquitted on the same charges in a criminal trial"); *State v. Barry*, 25 Wn. App. 751, 761, 611 P.2d 1262 (1980). As the *Barry* court noted, "Whether the probation proceeding or the criminal trial comes first makes no difference, because the judge may revoke probation if he is reasonably satisfied of the defendant's misconduct, be it criminal or a breach of the conditions of probation." 25 Wn. App. at 762 (citation omitted). The municipal court determined that it was

---

[2] A year after our Supreme Court decided *Standlee*, a federal district court attempted to explicitly overrule it, *Standlee v. Rhay*, 403 F. Supp. 1247 (E.D. Wash. 1975). The Ninth Circuit overturned the District Court's decision, explaining that as "[t]he Supreme Court of Washington has determined that parole revocation is a remedial sanction[,] [t]his court should defer to that finding." *Standlee v. Rhay*, 557 F.2d 1303, 1307 (9th Cir. 1977) (citation omitted).

[3] At argument, both parties agreed that neither the City nor Regan had presented *Standlee* to the trial court.

reasonably satisfied with the evidence establishing Regan's violation of his probation conditions and, thus, the evidence met the burden of proof announced in *Standlee*.

¶11 Our Supreme Court has spoken on this issue: Probation revocation hearings for criminal offenses are not subject to a proof beyond a reasonable doubt standard. 83 Wn.2d at 408-09. Instead, such hearings require evidence sufficient to reasonably satisfy the court that the defendant violated a condition of probation. For these reasons, we reverse and remand.

ARMSTRONG and HUNT, JJ., concur.

Review granted at 166 Wn.2d 1009 (2009).