# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | )<br>)<br>) | No. 76469-1-I |
| v. | )<br>) | UNPUBLISHED OPINION |
| MUSTAFA MOHAMUD ARTEH, | )<br>) | |
| Appellant. | )<br>) | FILED:  July 30, 2018 |
| | ) | |

DWYER, J. — Mustafa Mohamud Arteh was charged and convicted of two counts of assault in the fourth degree with sexual motivation.  On appeal, Arteh contends that the trial court erred by entering a no-contact order without specifying a duration for the order.  We disagree.

Arteh also contends that, because the trial court did not actually suspend any part of his sentence for count two, the court was without the authority to enter a no-contact order as a condition of probation for that conviction.  We agree.  Lastly, Arteh contends that the court was without the authority to enter a no-contact order specifying the victim of count two as a condition of his probation on count three.  We disagree.

Accordingly, we affirm.

I

On April 23, 2016, Mustafa Mohamud Arteh separately approached two women and groped them without their consent. The police were called and each of the women identified Arteh as the man who groped her.

A jury convicted Arteh of two counts of assault in the fourth degree with sexual motivation (counts two and three). The trial court sentenced Arteh to 364 days of incarceration on each count. The trial court ordered that the jail term for count two was deemed satisfied by giving credit for time already served. The trial court ordered Arteh to serve 120 days in a community program for count three and suspended the remaining 244 days of that sentence. The trial court imposed an unsupervised probation period of 24 months, "subject to the conditions of this sentence." The conditions imposed by the trial court were that Arteh not purchase, possess, or use any alcohol or controlled substance, that he obtain a substance abuse evaluation and a mental health evaluation and follow all recommendations, and that he have no contact with either of the two victims. The sentencing document did not allocate the probationary conditions as between the two counts. Arteh appeals.

II

Arteh first contends that the trial court erred by failing to set a duration for the no-contact order. We disagree.

"Our trial courts have great discretion in imposing sentences within the statutory limits for misdemeanors and gross misdemeanors." State v. Anderson, 151 Wn. App. 396, 402, 212 P.3d 591 (2009). A trial court abuses its discretion if

its decision is manifestly unreasonable or exercised on untenable grounds or reasons. State v. Riley, 121 Wn.2d 22, 37, 846 P.2d 1365 (1993).

Pursuant to RCW 9.95.210 and RCW 9.95.230, the superior court has the authority to suspend the imposition or the execution of a misdemeanor sentence and grant probation. City of Spokane v. Marquette, 146 Wn.2d 124, 129, 43 P.3d 502 (2002). The superior court may "direct that the suspension may continue upon such conditions and for such time as it shall designate, not exceeding the maximum term of sentence or two years, whichever is longer." RCW 9.95.210(1)(a).

> Probation outside the [Sentencing Reform Act of 1981] is not a matter of right but a matter of grace, privilege, or clemency "granted to the deserving, and withheld from the undeserving, as sound official discretion may dictate." See State v. Farmer, 39 Wn.2d 675, 679, 237 P.2d 734 (1951). In this older version of probation, which remains applicable to misdemeanants, a court may impose probationary conditions that bear a reasonable relation to the defendant's duty to make restitution or that tend to prevent the future commission of crimes. State v. Summers, 60 Wn. 2d 702, 707, 375 P.2d 143 (1962).

State v. Williams, 97 Wn. App. 257, 263, 983 P.2d 687 (1999).

Here, the trial court suspended part of Arteh's sentence and granted probation for a period of 24 months. The trial court was authorized to grant probation for a term of up to two years pursuant to RCW 9.95.210. Contrary to Arteh's assertion on appeal, the no-contact order is not indefinite in duration. The no-contact order is a condition of probation that will expire no later than at the completion of the 24-month probationary period. See State v. Granath, No. 94892-5, slip op. at 11-12 (Wash. April 26, 2018), http://www.courts.wa.gov/opinions/pdf/948925.pdf. The trial court did not err.

III

A

Arteh next contends that the trial court lacked the authority to enter a no-contact order as a condition of probation concerning count two. We agree.[1]

As discussed herein, the trial court sentenced Arteh to 364 days confinement on count two. Rather than suspending any part of that sentence, the trial court ordered that the entire 364-day sentence was satisfied by crediting him with time previously served. Although the trial court could have fined Arteh up to $5,000 and suspended any or all of that fine,[2] the court imposed no fine and, thus, suspended imposition of no part of a fine. Thus, the trial court did not, in actuality, impose a suspended sentence on count two.

The superior court's authority to grant probation pursuant to a suspended sentence is codified in RCW 9.95.210. That statute states:

> [I]n granting probation, the superior court may suspend the imposition or the execution of the sentence and may direct that the suspension may continue upon such conditions and for such time as it shall designate, not exceeding the maximum term of sentence or two years, whichever is longer.

RCW 9.95.210(1)(a).

The imposition of probation is not authorized when there is no suspended sentence. State v. Gailus, 136 Wn. App. 191, 201, 147 P.3d 1300 (2006),

---

[1] The State did not brief or otherwise respond to Arteh's meritorious assertion that the trial court lacked the authority to impose probationary conditions on a fully satisfied sentence. Although not a concession, the State's silence speaks volumes.

[2] Pursuant to RCW 9.92.020, "Every person convicted of a gross misdemeanor . . . shall be punished by imprisonment in the county jail for a maximum term fixed by the court of up to three hundred sixty-four days, or by a fine in an amount fixed by the court of not more than five thousand dollars, or by both such imprisonment and fine."

*overruled on other grounds by* State v. Sutherby, 165 Wn.2d 870, 204 P.3d 916 (2009). Because no part of Arteh's sentence for count two was suspended, the trial court lacked the authority to order conditions of probation concerning that count.

B

But the court could order that Arteh have no contact with the victim of the assault alleged in count two as a probationary condition of count three. When imposing a suspended sentence for a gross misdemeanor, a superior court may impose probationary conditions that are reasonably related to either reparation or rehabilitation. State v. Eilts, 23 Wn. App. 39, 44, 596 P.2d 1050 (1979) (citing Summers, 60 Wn. 2d at 707-08), aff'd, 94 Wn.2d 489, 617 P.2d 993 (1980). Rehabilitation of the offender is one goal of probation. State v. Barklind, 12 Wn. App. 818, 823, 532 P.2d 633 (1975), aff'd, 87 Wn.2d 814, 557 P.2d 314 (1976). "Probation is an act of judicial grace or lenience authorized by statute (RCW 9.95.210), and 'motivated by many judicial hopes, among which are that the offender will mend his ways, make restitution and avoid not only repetition of his offense but the appearance thereof.'" Barklind, 12 Wn. App. at 823 (quoting State ex. rel. Woodhouse v. Dore, 69 Wn.2d 64, 70, 416 P.2d 670 (1966)).

Requiring Arteh to avoid contact with both victims well-furthers the goals of misdemeanor probation. It may be that, in this regard, misdemeanor sentencing differs from felony sentencing. If so, that is the legislative will.

Affirmed.

_____
Dwyer, J.

We concur:

_____

_____
Mann, ACJ