[No. 1141-2. Division Two. December 26, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. JACK L. PLAYTER, *Appellant*.

*John M. Wolfe*, for appellant.

*Curtis M. Janhunen, Prosecuting Attorney*, and *George Bowden, Deputy*, for respondent.

ARMSTRONG, J.—Jack L. Playter appeals from revocation of a suspended sentence which he received for driving under the influence of alcohol. Playter contends that because the conditions of probation which he allegedly violated were not made conditions of probation at the time his sentence was suspended, (1) the court unlawfully delegated its judicial authority and (2) he was denied due process of law. He also asserts that the evidence did not show that he had violated the terms of his probation. We conclude that no error was committed in the revocation of Playter's sentence.

On June 16, 1972, Playter entered a plea of guilty to the offense of driving while under the influence of intoxicating

liquor, his third conviction for such an offense within 3 years. Playter was sentenced to 1 year in jail, which was suspended upon the condition

1. That Mr. Playter undergo and complete the program of rehabilitation recommended by Mrs. Lois Parker, Executive Director of the Olympia-Shelton Alcoholism Information and Referral Centers, a copy of which is attached to this Judgment and Sentence.

2. That Mr. Playter be on his good behavior and that any violation of law involving alcohol is a violation of his probation.

3. That Mr. Playter reimburse Grays Harbor County for the costs and expenses of his court-appointed attorney in the amount of $150.00.

On December 15, 1972, a petition seeking revocation of the suspended sentence was filed. It alleged:

1. That on November 15, 1972, the defendant refused to participate in an antabuse program recommended by Mrs. Lois Parker as part of his program of rehabilitation.

2. That on December 8, 1972, he was seen drinking at the Boulevard Tavern in Olympia, Washington by Mrs. Lois Parker in violation of the program of rehabilitation recommended by her as executive director of the Olympia-Shelton Alcoholism Information Referral Center.

3. That the defendant has operated a motor vehicle in violation of an order declaring him to being an Habitual Traffic Offender, which order revoked the defendant's driving privileges for a period of five years.

At a hearing held on June 15, 1973, an order was entered revoking Playter's suspended sentence and committing him to jail for 6 months. No evidence that he illegally operated a motor vehicle, his third alleged violation, was presented at the hearing.

Turning first to Playter's constitutional challenges, we note that the trial judge was required to condition Playter's probation upon successful completion of an alcohol treatment program. RCW 46.61.515(1), the penalty statute for the offense of driving under the influence of intoxicating liquor, provides in relevant part:

*Provided,* That the court may, for a defendant who has

not previously had a jail sentence suspended on such second or subsequent conviction, suspend such sentence and/or fine only on the condition that the defendant participate in and successfully complete a court approved alcohol treatment program: *Provided further*, That the suspension shall be set aside upon the failure of the defendant to provide proof of successful completion of said treatment program within a time certain to be established by the court.

■ Pursuant to this statute, the trial court required Playter to complete the program recommended by Mrs. Lois Parker, Executive Director of the Olympia-Shelton Alcoholism Information and Referral Centers. Our review of the proceedings convinces us that the conditions of the program were made clear. Mrs. Parker's letter, outlining the program was incorporated as part of the original judgment and sentence.[1] It clearly recommended a "dry" proba-

---

[1]The letter was as follows: "According to the National Council on Alcoholism an individual having more than one alcohol conviction has alcoholism. According to Marty Mann, founder of NCA, 'An Alcoholic is someone whose drinking causes a continuing problem in any department of his life.'

"Mr. Playter is alcoholic and is now in a position with the law to be forced into treatment as an alternative to jail.

"Productive employment is also to be considered as part of the total man concept of rehabilitation and consequently I am recommending the in-patient part of his treatment program to begin August 1, 1972. He is now employed in his trade as an asphalt construction laborer and this is their busy season. Also by that time he could conceivably have earned and saved the $400.00 necessary for his treatment, which is payable upon admission.

"There is no magic in a six months period of time and *I am recommending a longer period of continued support through Alcoholics Anonymous and a period of 'dry' probation* with myself serving as the Volunteer Probation Officer through the Thurston County District Justice Court. *At least part of the probation period could be supported by antabuse,* depending upon whether his physician will prescribe it for him.

"I am also recommending that Mrs. Playter participate in attending the Alcohol Information School and Al-Anon. I do realize that the law has no claim with her, but I'm sure she will participate.

"I am recommending the following:

"1. He has been attending A.A. for approximately 1 month—he

tion and an antabuse program. Also, the trial judge later indicated that he had thoroughly explained the program to the defendant. Playter, therefore, was accorded due process rights.

■ We also conclude that there was no unlawful delegation of judicial authority. In fact, there was no *delegation*; by adopting Mrs. Parker's letter, the trial court made "dry" probation and completion of an antabuse program *its* terms of probation.

■ The sufficiency of the evidence supporting revocation of the suspended sentence is to be judged by the standards set forth in *State v. Shannon*, 60 Wn.2d 883, 376 P.2d 646 (1962). A revocation order is to be affirmed if it is clear that the trial judge was reasonably satisfied that the terms of probation were violated. Revocation need not be based upon evidence establishing violations beyond a reasonable doubt.

Based on the record before us, we are convinced that the trial court did not abuse its discretion in ordering revocation. Again we turn to RCW 46.61.515(1). It is clear that

---

should continue there for a minimum of two evenings per week.

"2. Attend four hours of instruction at the Olympia Alcohol Information School—June 11 and 18, 1972 in the evenings.

"3. August 1, 1972 enter the Kitsap County Alcohol Recovery Program (KCARP) in Port Orchard for four weeks of intensive in-patient therapy.

"4. Continued support through A.A. with a minimum of two meetings per week for a period of one year at which time he could continue on a voluntary basis.

"5. He would personally report to me a minimum of once a month and I, in turn, would report to the Thurston County Probation.

"6. Revocation of probation and returned to jail should he not follow the program.

"I am recommending the one year period for formal continued support as I feel this length of time could help to form healthier habit patterns for Mr. Playter.

"Sincerely yours,
/s/ Ms. Parker
Executive Director"

(Italics ours.)

Playter did not "provide proof of successful completion of" an alcohol treatment program within a year, as required by the statute. Though it appears that he completed the specified 4-week in-patient treatment and the 4-hour evening instruction, the record shows that he failed to fulfill other requirements of the program. The evidence presented at the revocation hearing established that he had been drinking at a tavern and had consumed liquor at home. Further, Playter failed to complete the antabuse program. Though the program was perhaps not administered with optimum efficiency, Playter himself was often uncooperative. When he refused to accept an assigned monitor for the program, Mrs. Parker permitted him to obtain his own monitor, informing him that the program thereby became his responsibility. He failed, however, to meet the requirements of the program; he did not always appear for his daily dose of antabuse and, in contravention of established policy, took the drug home.

In light of our conclusion that Playter's violation of the antabuse program and "dry" probation was a sufficient basis for revocation, we need not determine whether it was unconstitutional to require reimbursement of attorney's fees as a condition of probation or whether sufficient evidence that the condition was violated was presented.

Affirmed.

PEARSON, C.J., and PETRIE, J., concur.