[Nos. 42394-1-I; 42395-9-I; 42396-7-I.   Division One.   August 30, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. JEREMIAH WILLIAMS, *Petitioner*.

258

*D. Murphy Evans*, for petitioner.

*David S. McEachran, Prosecuting Attorney*, and *Thomas Seguine, Deputy*, for respondent.

Becker, J. — Appellant Jeremiah Williams contends the district court unlawfully conditioned his misdemeanant probation on requirements to abstain from alcohol and drugs and to get alcohol treatment. We hold that conditions of misdemeanant probation are not subject to the Sentencing Reform Act of 1981's requirement that the terms of community supervision be crime-related. Imposing alcohol and drug conditions does not violate statutes defining the jurisdiction and authority of the district court. The district court's practice of ratifying terms written up by probation officers does not violate due process so long as the probationer has an opportunity for a hearing. Whether court rules require the judge to pronounce the conditions of probation orally, and formally incorporate them into a sentencing order, is an issue that must await resolution in a case where it is properly briefed. The superior court's order upholding the revocation of Williams' probation in the present case is affirmed.

Jeremiah Williams, 18 years old, was the subject of a series of police reports in the first three months of 1996. In May, 1996, Williams pleaded guilty to five misdemeanor counts: vehicle prowling, possession of stolen property, fourth degree assault, malicious mischief and brandishing

a weapon. The record here does not show that Williams' use of alcohol or drugs played a role in any of the crimes to which he pleaded guilty.[1]

The district court commissioner adopted the sentencing recommendation agreed upon by Williams and the State. The commissioner imposed jail time with all but 30 days suspended, a two-year probationary period, and a fine of $500. The commissioner stated at the hearing that "strict compliance with any probationary programs will be required." The only probationary program he specifically mentioned was anger counseling. He did not say there would be any conditions of probation relating to alcohol and drugs. The sentencing order signed by the commissioner stated, "The Probation Department is responsible for setting specific conditions of probation. The Defendant may request a hearing to review these conditions."

After Williams finished serving his 30 days, a probation officer gave him a form to sign. That form, entitled "Agreement," advised Williams:

> Your case has been referred to the probation department for supervision. If you comply with the conditions of this agreement, your case will be closed satisfactorily. Failure to comply with this agreement will result in your case being referred back for disposition. The terms of this agreement may be modified during the period of supervision. You may at any time request a hearing to review the terms of this agreement.

The terms of probation set forth in this document included new conditions not itemized in the sentencing order signed by the commissioner. Among the conditions added by Williams' probation officer were requirements that Williams not use alcohol or unlawful drugs, and that he submit to a breath, blood or urinalysis test when requested by the probation officer, at his own cost. Without

---

[1]The State's brief asserts that the police reports documenting two of the charges brought against Williams in early 1996 contain allegations of Williams' use of intoxicants, but these documents are not in the record. At the sentencing hearing in May, 1996, the only item discussed relating to other charges was a prior conviction for brandishing a weapon.

requesting a hearing, Williams signed the form. The form also bears the commissioner's signature.

Williams immediately began to violate the alcohol and drug prohibitions of his probation agreement. On August 9, his probation officer sent the commissioner a form with a note stating that Williams had admitted to using marijuana. She recommended random urinalysis testing, and an alcohol and drug evaluation if Williams disclosed any further use of drugs or alcohol. No hearing was held. The commissioner simply checked a box on the form for "Follow P.O. Recommendations" and signed it. Two weeks later, after Williams again admitted using marijuana and alcohol, the probation officer sent the form back to the commissioner with a further recommendation that Williams have an alcohol evaluation and comply with it. Again, no hearing was held. The commissioner wrote "OK" in the margin of the form and initialed it. Williams presumably received a copy of these communications. In any event, he does not claim that he lacked notice of them.

In September, 1996, Williams' probation officer filed a Notice of Probation Violation. The notice alleged that Williams missed his alcohol and drug evaluation and two urinalysis appointments. Williams served 10 days in jail in November for these violations. He served another 20 days in January, 1997 for violations not detailed in the record.

The probation officer filed another notice of violation on May 14, 1997, reporting that Williams so far had not had a single clean urinalysis test, and had failed to comply with an alcohol and drug treatment program. The commissioner imposed an additional 30-day sentence for these violations.

More notices of violation followed. The last notice was in September, 1997. On October 16, 1997, after a probation hearing, the commissioner revoked Williams' probation. The commissioner's reasons for the revocation included, among other things, Williams' noncompliance with alcohol and drug treatment and his continued inability to refrain from using drugs and alcohol. The commissioner sentenced Williams to a total of 180 days on the five original misdemeanor counts.

Williams appealed to superior court, seeking relief from the order revoking his probation. The superior court affirmed. We granted discretionary review to determine whether the revocation of Williams' probation was unlawful to the extent it resulted from his violation of the alcohol and drug conditions of his probation.

Williams contends the alcohol and drug conditions were invalid because they were not authorized by statute; were unrelated to his crimes; and were imposed without a hearing. He also contends the commissioner unlawfully delegated judicial authority by making the Probation Department responsible for setting the specific conditions of his probation.

## AUTHORITY TO IMPOSE ALCOHOL AND DRUG CONDITIONS

■ ■ The jurisdiction and powers of courts of limited jurisdiction must be delineated by statute, as they have no inherent power. CONST. art. IV, §§ 10, 12; *State v. Uhthoff*, 45 Wn. App. 261, 263-64, 724 P.2d 1103, *review denied*, 107 Wn.2d 1017 (1986). Williams contends the alcohol and drug conditions of his probation were invalid because no statute specifically authorized the district court to impose them. We hold, however, that the necessary authority is provided by RCW 3.66.068: "For a period not to exceed two years after imposition of sentence, the court has continuing jurisdiction and authority to suspend the execution of all or any part of its sentence upon stated terms, including installment payment of fines." This statute clearly allows a court of limited jurisdiction to impose probationary terms as a condition for suspending a sentence. The statutory phrase "upon stated terms" is broad enough to encompass alcohol and drug conditions.

Williams argues that without a connection between his use of alcohol and drugs and the crimes to which he pleaded guilty, the alcohol and drug related conditions of his probation were a form of "coerced rehabilitation," disapproved of by the Legislature when it enacted the Sentencing Reform Act of 1981 (SRA).

■ The SRA provides that if conditions of community supervision are imposed, they must relate directly to the crime for which the offender was convicted. RCW 9.94A-.030(7); *State v. Parramore*, 53 Wn. App. 527, 529, 768 P.2d 530 (1989). Persons may be punished for their crimes and they may be prohibited from doing things which are directly related to their crimes, but they may not be coerced into doing things which are believed will rehabilitate them. *Id.* at 530. But the SRA rule discussed in *Parramore* applies only to "the sentencing of felony offenders." See RCW 9.94A.010. The SRA does not control the imposition of probationary conditions upon misdemeanant offenders.

■ Probation outside the SRA is not a matter of right but a matter of grace, privilege, or clemency "granted to the deserving, and withheld from the undeserving, as sound official discretion may dictate." *See State v. Farmer,* 39 Wn.2d 675, 679, 237 P.2d 734 (1951). In this older version of probation, which remains applicable to misdemeanants, a court may impose probationary conditions that bear a reasonable relation to the defendant's duty to make restitution or that tend to prevent the future commission of crimes. *State v. Summers*, 60 Wn.2d 702, 707, 375 P.2d 143 (1962).

Williams was 18 years old, not old enough to drink legally. Requiring abstinence from alcohol and unlawful drugs was in his particular case merely an extension of the more general probationary requirement to conduct himself in a lawful manner. We hold the abstinence and treatment conditions were not an abuse of discretion, even though they did not directly relate to his crimes.

## ROLE OF PROBATION OFFICER

■ Williams objects to the court's practice of referring cases to the probation department to establish specific terms of probation not identified at the sentencing hearing. He first asserts that the referral is a violation of due process, and that he could not be required to undergo alcohol

treatment until the court held a fact-finding hearing where he could dispute the need for it. But due process is satisfied when the court advises probationers that they have a right to a hearing, *see State v. Campbell*, 95 Wn.2d 954, 958-59, 632 P.2d 517 (1981), and when the conditions of probation are clear and understandable, *see State v. Playter*, 12 Wn. App. 388, 390-91, 531 P.2d 831 (1974). The original sentencing order advised Williams of his right to a hearing to review the specific conditions of probation that were to be set by the Probation Department. The agreement he signed in July, 1996, also notified him of his right to request a hearing at any time to review its terms. Williams does not contend that the order to undergo alcohol treatment was unclear. He could have objected to the alcohol-related conditions at any one of the several hearings the commissioner held before imposing jail time as a sanction for probation violations. *See State v. King*, 24 Wn. App. 495, 503-04, 601 P.2d 982 (1979). Williams received notice and an opportunity for a hearing sufficient to satisfy due process.

█ Williams also contends that allowing the Probation Department to establish the specific conditions of his probation was an unlawful delegation of judicial authority. The State responds that no delegation occurred as a matter of law because the probation officer is merely an extension of the court, not a different legal entity. The State's argument cannot be sustained in view of *Summers*, 60 Wn.2d at 708. In *Summers*, the trial court authorized a probation officer to fix the amount of restitution. Reversing, the Supreme Court held that the authorization to set restitution was an unlawful delegation of judicial authority. *Id.*; *see also State v. Forbes*, 43 Wn. App. 793, 800, 719 P.2d 941 (1986).

*Summers* is consistent with authority from other jurisdictions, including federal courts, holding that the precise delineation of the terms of probation is a core judicial function. The task cannot be delegated to a probation officer, treatment provider or other agency. *See, e.g., State v. Saave-*

*dra*, 406 N.W.2d 667, 669-70 (N.D. 1987) (probation officer may not enlarge the probation agreement by requiring submission to drug testing without explicit directions from the court). *See also State v. Nelson*, 417 N.W.2d 814, 818 (N.D. 1987); *McDonald v. State*, 442 S.W.2d 386, 387 (Tex. Crim. App. 1969); *United States v. Johnson*, 48 F.3d 806, 808-09 (4th Cir. 1995); *State v. Salyers*, 239 Neb. 1002, 1005, 480 N.W.2d 173 (1992).

Nevertheless, as the State further argues, there is no unlawful delegation as a matter of fact so long as the court ratifies the terms recommended by the probation officer or treatment agency and adopts them as its own. *See State v. Playter*, 12 Wn. App. at 391. In *Playter* the trial court revoked a suspended sentence because the defendant refused to participate in a specific program recommended by an alcohol treatment provider. Affirming, this court rejected the appellant's unlawful delegation argument on the basis that the trial judge adopted the recommendation as his own when he incorporated into the judgment and sentence a letter from the provider outlining the program and its conditions. *State v. Playter*, 12 Wn. App. at 390. Here, the State contends the alcohol and drug conditions are not an unlawful delegation because the court commissioner adopted them as his own when he initialed his approval on the form from the probation officer.

▮ Although *Playter* makes clear that conditions written up by a probation officer will survive an unlawful delegation argument if the judicial officer ratifies them, *Playter* does not necessarily endorse the informal procedure used in this case. The commissioner did not personally impose the alcohol and drug conditions upon Williams, and did not formally incorporate the alcohol and drug conditions into his sentence, as was done in *Playter*. Williams argues that probationary conditions are unenforceable unless the judicial officer orders them at sentencing. For this proposition his opening brief relies on statutes, particularly the provision in RCW 3.66.068 authorizing the court to suspend the execution of sentence "upon stated terms." We are not

persuaded that the statute mandates a more formal involvement by the judge or commissioner than was evident in this case.

For the first time in his reply brief, Williams relies on court rules governing sentencing and judgment by courts of limited jurisdiction. CrRLJ 7.2(a) requires the court to "state the precise terms of the sentence." CrRLJ 7.3 requires a judgment of conviction that sets forth the sentence, including any "special conditions or requirements."

Arguably, these court rules mandate that all the terms of a sentence, including the precise terms and conditions of probation, must be orally pronounced by the judge in open court with the defendant present and must be clearly set forth in a sentencing order. But Williams did not rely on the court rules at any point in the proceedings below and mentioned them here for the first time only in his reply brief. The State has not had an opportunity to brief its response. Accordingly, we will not consider the court rules in the present case as a basis for granting relief from the order of revocation. *See State v. Clark*, 124 Wn.2d 90, 95-96 n.2, 875 P.2d 613 (1994).

Finally, Williams argues that the alcohol and drug conditions of his probation are unenforceable because the probation officer's involvement in setting them constitutes the unauthorized practice of law. We reject this argument. The probation officer was carrying out administrative tasks assigned by the court, not preparing legal instruments to secure legal rights for clients. *Cf. State v. Hunt*, 75 Wn. App. 795, 802, 880 P.2d 96, *review denied*, 125 Wn.2d 1009 (1994).

Affirmed.

GROSSE and BAKER, JJ., concur.

Review denied at 140 Wn.2d 1006 (2000).