[No. 47328-0-I.   Division One.   July 16, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES W. WILKERSON, *Petitioner*.

*Corbin T. Volluz*, for petitioner.

*Thomas L. Verge, Prosecuting Attorney,* and *Erik Pedersen, Deputy,* for respondent.

BECKER, J. — James Wilkerson, a misdemeanant, seeks relief from a district court order requiring him to undergo a sexual deviancy evaluation as a condition of his probation. He contends that under the court rules, the judge was obliged to impose all conditions of probation at the time he was first sentenced. But Wilkerson understood at his original sentencing that his probation officer might require additional conduct to reduce the likelihood of further criminal activity. The judge imposed the new evaluation requirement in open court after a hearing. Because the court rules do not require more, the order is affirmed.

Appellant James Wilkerson entered an *Alford*[1] plea in Skagit County District Court to two misdemeanor charges. His plea included one count of assault in the fourth degree with sexual motivation, and a separate count of exhibiting erotic material to a child. Upon accepting his plea, the court proceeded to sentencing.

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

The court's sentencing decision is reflected in a standard preprinted form order, with handwritten insertions specific to Wilkerson. The order sentenced Wilkerson to approximately 18 months in jail with all but 15 days suspended. The order required him to make various payments, to take a polygraph test if requested by probation, and to have no contact with females under age 16 without an adult present, except for his own children. Of significance to this appeal, the order placed him on 24 months of "full supervision" probation. Wilkerson was ordered to contact the probation department and comply with the "general rules and requirements of the probation department" for full supervision.

The sentencing order defined "full supervision":

> Full supervision means that you will be required to have regular interviews with the Probation officer who will be monitoring your conduct and may counsel you and require certain conduct to reduce the likelihood that you will engage in further criminal activity.

Wilkerson signed the bottom of the sentencing order, thereby acknowledging that he received a copy of it and understood that the full supervision provisions applied to him.

Wilkerson's probation officer interviewed him and requested him to provide a written statement of his own version of the conduct that led to his being placed on probation. Wilkerson wrote that while he was taking care of his friend's 11-year-old daughter in his house, he was viewing naked pictures on the Internet. He said the girl approached him and asked if she could also watch. Wilkerson let the girl watch the pictures and asked why she was interested in them. He then showed her pornographic magazines and discussed safe sex and condoms with her.

Upon reading this, Wilkerson's probation officer concluded it would be desirable to have Wilkerson evaluated for sexual deviancy. The probation department submitted a request to the district court to modify Wilkerson's probation

by ordering him to obtain a sexual offender/sexual deviancy treatment evaluation, and to participate in a treatment program if one were recommended. Wilkerson checked a box on the request form indicating that he did not agree with the request for modification. The court requested a report from the probation department detailing the reasons for the request, and ordered a hearing.

The probation department filed with the court a supplementary report including the police reports and Wilkerson's written statement, and supported the request with the following rationale:

> The combination of the facts within the police reports and the defendant's written description of the criminal events have led to the probation department's request for a hearing. In the defendant's own description of the event he blamed the 11 year old victim. He claimed that it was she who insisted on viewing the pornographic material with him until he gave in. This is a typical response for sex offenders. However, Mr. Wilkerson's probation officer is not a professional counselor so she cannot recommend that he attend treatment. She does however have enough education and experience in the criminal justice field to recognize that the defendant's response is similar to what a sex offender's response might be. It is her responsibility as a probation officer to request a hearing to recommend that the defendant be ordered to complete an evaluation.

After a hearing at which Wilkerson was present, the court entered a written order requiring Wilkerson to obtain a sexual offender/sexual deviancy treatment evaluation. The court said, "I'm not ordering treatment at this point in time. I'm going to reserve that to give everyone concerned an opportunity to evaluate the report that will be received from a qualified agency." The court found that it had the authority to modify the terms of probation even though Wilkerson had not violated any part of the sentence originally entered.

Wilkerson appealed this order to superior court. The superior court affirmed in an order dated March 30, 2000. The court acknowledged that Wilkerson had not violated

any terms of his probation. The court found, however, that the possibility Wilkerson would be ordered to undergo a sexual deviancy evaluation was encompassed by the language of the sentencing order defining full supervision as including requirements of "certain conduct to reduce the likelihood that you will engage in further criminal activity." This court granted discretionary review.

Wilkerson contends that a district court may not modify probation by imposing a new condition not mentioned at the original sentencing hearing unless the defendant has violated the conditions originally imposed.

The State correctly argues that the statutes defining the authority of district courts do not include the limitation proposed by Wilkerson. "Any time before entering an order terminating probation, the court may revoke or modify its order suspending the imposition or execution of the sentence." RCW 3.66.069; *see generally State v. Williams*, 97 Wn. App. 257, 983 P.2d 687 (1999).

Wilkerson, however, relies on two of the rules of criminal procedure for courts of limited jurisdiction. The rules he cites describe the procedure the court is to use in entering the judgment and sentence:

> **(a) Generally.** The court shall state the precise terms of the sentence, which shall include credit for all time spent in custody in connection with the offense.

CrRLJ 7.2(a).

> A judgment of conviction shall set forth whether the defendant was represented by a lawyer or waived representation by a lawyer, the plea, the verdict or findings, and the adjudication and sentence. The court may order that its sentence include special conditions or requirements, including a specified schedule for the payment of a fine, restitution, or other costs, or the performance of community service. . . . At a minimum, the judgment and record of the sentencing proceedings shall include:
>
> . . . .
>
> (j) Conditions or requirements of the sentence, including but

not limited to a specified schedule for the payment of a fine, restitution, or other costs, performance of community service, counseling or treatment[.]

CrRLJ 7.3.

Wilkerson claims these rules were violated because the district court did not state in precise terms at the time of the original sentencing that undergoing a sexual deviancy evaluation was a possible condition of his sentence.

In support of this argument, Wilkerson cites this court's opinion in *Williams*. There, defendant Williams pleaded guilty to five misdemeanors. The district court sentenced him to probation. The sentencing order stated, "The Probation Department is responsible for setting specific conditions of probation. The Defendant may request a hearing to review these conditions." *Williams*, 97 Wn. App. at 260. Upon entering probation, Williams received a form that ordered him not to use alcohol or unlawful drugs, and to submit to alcohol and drug testing upon request. These conditions had not been mentioned in the original sentencing order, and Williams' use of alcohol or drugs did not play a role in the crimes to which he pleaded guilty. Williams immediately began to violate the alcohol and drug prohibitions of his probation. The probation department recommended further conditions, including an alcohol evaluation. The probation officer obtained the court's approval for the new conditions informally, without a hearing, by having the commissioner initial a form "OK." *Williams*, 97 Wn. App. at 261. Williams did not meet the new conditions either, and eventually the court revoked his probation.

This court granted discretionary review of a superior court order affirming the revocation. We first noted that a court of limited jurisdiction has authority to impose probationary terms as a condition for suspending a sentence. *Williams*, 97 Wn. App. at 262 (citing RCW 3.66.068). We also observed that the district court has authority to impose conditions that are not directly related to the misdemeanant's crime so long as the conditions "bear a reasonable relation to the defendant's duty to make resti-

tution or that tend to prevent the future commission of crimes." *Williams*, 97 Wn. App. at 263 (citing *State v. Summers*, 60 Wn.2d 702, 707, 375 P.2d 143 (1962)).

Williams objected, just as Wilkerson does in this case, to the lower court's practice of referring cases to the probation department to establish specific terms of probation not identified at the sentencing hearing. We held that such a referral is not a violation of due process so long as the court advises probationers that they have a right to a hearing on the new conditions imposed by the probation department, and the conditions are clear and understandable. We also held that the referral of cases to probation officers to establish specific conditions was not an unlawful delegation of judicial authority so long as the court ratifies the terms recommended by probation or a treatment agency, and adopts them as its own.

Although we concluded that the district court in *Williams* had not unlawfully delegated its judicial authority, our opinion did not necessarily condone that court's informal practice of approving new conditions by merely initialing a form. We suggested that in a case where the issue was timely raised and briefed we might interpret CrRLJ 7.2(a) and 7.3 as requiring the judge "to pronounce the conditions of probation orally, and formally incorporate them into a sentencing order." *Williams*, 97 Wn. App. at 259.

> Arguably, these court rules mandate that all the terms of a sentence, including the precise terms and conditions of proba-tion, must be orally pronounced by the judge in open court with the defendant present and must be clearly set forth in a sentencing order. But Williams did not rely on the court rules at any point in the proceedings below and mentioned them here only for the first time in his reply brief.

*Williams*, 97 Wn. App. at 266.

Unlike Williams, Wilkerson did cite these rules in his brief below. He now relies on them to argue that a judge must state the precise terms of all conditions of probation at the *original* sentencing hearing, and may not leave the

conditions open-ended pending later recommendations by the probation department.

We do not interpret the cited rules as requiring a *court* to state all precise terms of probation at the *original* sentencing, or as preventing any modification of those terms unless the defendant commits an intervening violation. No such limitation is found in CrRLJ 7.6, a rule that more directly addresses probation.[2] In mentioning CrRLJ 7.2(a) and 7.3 in *Williams*, our focus was on the informality of checking a box on a form to indicate court approval of a new condition. That concern is not implicated by the procedure used to modify Wilkerson's sentence. The district court imposed the modification in open court with Wilkerson present after a contested hearing, and set forth the new condition clearly and precisely in a sentencing order.

As we held in *Williams*, referral of cases to the probation department to establish specific terms of probation not identified at the sentencing hearing is not a violation of due process so long as the probationer has a right to a hearing and the conditions are understandable. *Williams*, 97 Wn. App. at 263-64. Wilkerson has not argued that lack of information about possible conditions of probation rendered his plea involuntary. He acknowledged that he understood the terms of his sentence, including what was meant by full supervision, by signing the bottom of his sentencing order. Evaluations of various kinds are a standard probationary tool. As a general rule, an evaluation would be a foreseeable consequence of the original order's provision for "conduct to reduce the likelihood that you will engage in further criminal activity." Wilkerson has not argued that sexual deviancy evaluations should be treated differently from other

---

[2] CrRLJ 7.6 provides:

"**(a) Probation.** After conviction of an offense the defendant may be placed on probation as provided by law.

"**(b) Revocation or Modification of Probation.** The court shall not revoke or modify probation except (1) after a hearing in which the defendant shall be present and apprised of the grounds on which such action is proposed, or (2) upon stipulation of the parties. The defendant is entitled to be represented by a lawyer and may be released pursuant to rule 3.2 pending such hearing. A lawyer shall be appointed for a defendant financially unable to obtain one."

types of evaluations, such as alcohol and drug evaluations, and he has not objected to any specific feature of the proposed evaluation.

In short, Wilkerson's argument lacks factual and legal support. The superior court did not err in upholding the modification order. The order of the superior court is affirmed.

AGID, C.J., and APPELWICK, J., concur.

