IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 67664-4-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| ALEXANDER I. McCORMACK, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: March 11, 2013 |
| | ) | |

Cox, J. — When a trial court orders probation for a driving under the influence conviction, the court has the discretion to impose the installation of an ignition interlock device on the probationer's motor vehicle as a probation condition.[1] An ignition interlock device cuts off the ignition to a vehicle if the driver's blood-alcohol level is above a preset limit.[2] Here, the trial court did not abuse its discretion when it imposed this probation condition on Alexander McCormack even though there was no evidence that his DUI conviction was related to alcohol. McCormack makes additional claims in his Statement of Additional Grounds, but none have merit. We affirm.

In 2010, law enforcement officers saw a vehicle fishtailing and swerving. The officers activated their lights and sirens to signal to the driver to stop, but the

---

[1] Former RCW 46.61.5055(11)(a) (2008).

[2] Jay M. Zitter, Validity, Construction, and Application of Ignition Interlock Laws, 15 A.L.R.6th 375 (2006).

vehicle did not do so. Other officers eventually stopped the vehicle by deploying spike strips, which flattened both driver side tires.

Washington State Trooper Raymond Seaburg arrested and searched the driver, McCormack. At that time, he smelled the odor of marijuana on McCormack. Seaburg testified that there was no reason for him to believe that McCormack was under the influence of alcohol.

Seaburg drove McCormack to Harborview Medical Center to have his blood drawn. The blood test would have determined whether the suspect was under the influence of drugs.

While McCormack was under arrest and sitting in the back of the trooper's vehicle, Seaburg testified that he appeared "agitated and unruly." He made unusual comments, screamed, grunted, and was chewing or trying to grind his teeth into the vehicle's seat.

Once Seaburg arrived at Haborview, he requested assistance. Seaburg and hospital staff eventually strapped McCormack onto a gurney, but he put up significant resistance. At that point, he was admitted into the mental health unit and no blood was drawn.

By amended information, the State charged McCormack with attempting to elude a pursuing police vehicle and driving while under the influence.

At McCormack's trial, forensic psychologist Dalton Young, who evaluated McCormack, testified on his behalf. He testified that McCormack had been diagnosed with schizoaffective disorder.

A jury found McCormack guilty of both charges.

2

For the DUI conviction, the trial court imposed a suspended sentence to include a concurrent 30 days of King County Supervised Community Option and 60 months of probation for McCormack's DUI conviction. As conditions for the probation, the trial court ordered McCormack to comply with the statutory requirements of RCW 46.61.5055, including the use of an interlock ignition device "set @ .02" blood alcohol content.

McCormack appeals.

## INTERLOCK IGNITION DEVICE CONDITION OF PROBATION

McCormack argues that the trial court exceeded its statutory sentencing authority by ordering the installation of an interlock ignition device as a condition of his DUI probation term. We disagree.

"If the meaning of a statute is plain on its face, then we must give effect to that meaning."[3] Issues of statutory construction are reviewed de novo.[4]

Further, we review sentencing conditions for abuse of discretion.[5] A court abuses its discretion if its decision is manifestly unreasonable or exercised on untenable grounds or reasons.[6]

"Our trial courts have great discretion in imposing sentences within the statutory limits for misdemeanors and gross misdemeanors."[7] This discretion is

---

[3] State v. Anderson, 151 Wn. App. 396, 401, 212 P.3d 591 (2009).

[4] State v. Lilyblad, 163 Wn.2d 1, 6, 177 P.3d 686 (2008).

[5] State v. Riley, 121 Wn.2d 22, 36-37, 846 P.2d 1365 (1993).

[6] State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

[7] Anderson, 151 Wn. App. at 402.

aligned with "the tradition in American criminal jurisprudence affording wide latitude to sentencing judges on grounds that 'the punishment should fit the offender and not merely the crime.'"[8]

While the Sentencing Reform Act of 1981, chapter 9.94A RCW, requires that conditions of community supervision relate directly to the crime, the SRA applies only to felony offenses.[9] For misdemeanor offenses, outside of the SRA, "a court may impose probationary conditions that bear a reasonable relation to the defendant's duty to make restitution or that tend to prevent the future commission of crimes."[10]

Taking into account a trial court's wide discretion, we turn to the statutory provisions at issue here.

In Washington, there are a series of laws that criminalize driving under the influence of alcohol or other drug.[11] RCW 46.61.5055 sets out the penalties for a DUI conviction.

Under former RCW 46.61.5055(11)(a) (2008), the sentencing court has the authority to impose probation for DUI convictions when "the court imposes less than one year in jail." There are mandatory conditions of probation that a

---

[8] Id. (quoting State v. Herzog, 112 Wn.2d 419, 423-24, 771 P.2d 739 (1989)).

[9] State v. Williams, 97 Wn. App. 257, 263, 983 P.2d 687 (1999).

[10] Id.

[11] See Cudney v. ALSCO, Inc., 172 Wn.2d 524, 536, 259 P.3d 244 (2011) (citing RCW 46.61.502, .504).

sentencing court must impose.[12] But it also may impose other conditions "that include nonrepetition, ***installation of an ignition interlock device on the probationer's motor vehicle***, alcohol or drug treatment, supervised probation, or other conditions that may be appropriate."[13]

Here, McCormack's DUI conviction was a gross misdemeanor.[14] Former RCW 46.61.5055(11)(a) (2008) applied in this case because McCormack's sentence was 364 days of imprisonment, which was "less than one year."[15] As noted above, the plain language of this provision gave the trial court the discretionary authority to impose probation conditions, including the "installation of an ignition interlock device."[16]

The trial court did not abuse its discretion by imposing this condition for this gross misdemeanor because the ignition interlock device would tend to prevent McCormack from driving under the influence in the future.[17]

McCormack argues that the trial exceeded its statutory sentencing authority when it ordered the installation of an interlock ignition device because

---

[12] Former RCW 46.61.5055(11)(a) (2008).

[13] Id. (emphasis added).

[14] Clerk's Papers at 29-31; see also RCW 46.61.502 (5) ("Except as provided in subsection (6) of this section, a violation of this section is a gross misdemeanor.").

[15] Id. at 29.

[16] Former RCW 46.61.5055(11)(a) (2008).

[17] See Williams, 97 Wn. App. at 263.

5

the State presented no evidence that McCormack's DUI conviction was "alcohol-related." He cites former RCW 46.61.5055(5)(a) (2008) to support his argument:

> The court shall require any person convicted of *an alcohol-related violation* of RCW 46.61.502 or 46.61.504 to apply for an ignition interlock driver's license from the department under section 9 of this act and to have a functioning ignition interlock device installed on all motor vehicles operated by the person.[18]

He contends that this provision did not authorize a probation condition regarding the ignition interlock device in his case because there was no evidence that his DUI conviction was "alcohol-related." But, as discussed above, the trial court had the discretionary authority to impose the ignition interlock device condition under a different subsection of the DUI penalty statute, RCW 46.61.5055(11)(a) (2008). Thus, this argument is not persuasive.

McCormack also points to the fact that the "alcohol-related" language in former RCW 46.61.5055(5)(a) (2008) was later struck in a 2011 amendment.[19] While this is true, this amendment has no bearing on this case because a different subsection applied.

## STATEMENT OF ADDITIONAL GROUNDS

McCormack raises a number of issues in his statement of additional grounds. None are persuasive.

First, McCormack contends that the jury was not properly instructed as to his mental illness, which resulted in a due process violation. But a review of the record reveals that Jury Instruction No. 8 addressed mental illness: "Evidence of

---

[18] (Emphasis added.)

[19] Brief of Appellant at 9 (citing Laws of 2010, ch. 269, § 4).

mental illness or disorder may be taken into consideration in determining whether the defendant had the capacity to act willfully." Thus, this argument is not supported by the record.

Second, McCormack takes issue with the admission of Dr. Young's testimony that McCormack told him that he smoked marijuana four times on the day of the incident. He argues that this statement was inadmissible hearsay. But an admission by a party opponent that is the "party's own statement" is exempt from exclusion as hearsay.[20] Thus, this argument fails.

He further contends that there was insufficient evidence to prove that he was driving under the influence of marijuana. But this argument also fails given McCormack's statement to Dr. Young and Trooper Seaburg's testimony that he smelled the odor of marijuana on McCormack on the night of the incident.

Third, McCormack contends that his counsel was ineffective for not requesting that the court properly instruct the jury as to his mental illness, failing to object to hearsay, not raising the affirmative defense in RCW 46.61.024(2), and failing to call several witnesses. To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his trial.[21]

---

[20] ER 801(d)(2)(i).

[21] Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995).

For the jury instruction and hearsay claims, McCormack fails to show how his counsel's performance fell below an objective standard of reasonableness for the reasons discussed above. The decisions to raise an affirmative defense and call witnesses are legitimate trial strategy or tactics and cannot serve as a basis for the claim.[22] Thus, McCormack's attorney was not ineffective.

Fourth, McCormack argues that "a negative portrayal of Defendant as a mentally ill, recreational drug abuser biased the jury against Defendant as depraved" during jury selection. While some of the questioning during jury selection were on the topics of mental illness and drug use, it is not clear how this general discussion amounts to bias. Thus, this argument fails.

The fifth claim of error McCormack asserts is unclear. He contends that "[t]he State's rightful capacity to charge a DUI against Defendant in this matter was bargained away by the state while Defendant was still in Harborview hospital in consideration for Defendant waiving his right to a trial to be released from involuntary care at Harborview psychiatric facility . . . ."[23] He provides no further description for this claimed error. Because McCormack fails to adequately inform the court of the nature and occurrence of the claimed error, we cannot review it.[24]

Finally, McCormack argues that (1) the State engaged in prosecutorial misconduct; (2) the State engaged in vindictive prosecution; and (3) his right to due process was violated because the trial court denied his motion to set aside a

---

[22] McFarland, 127 Wn.2d at 335-36.

[23] Statement of Additional Grounds for Review at 4.

[24] See RAP 10.10(c).

jury verdict without any discussion or consideration. But none of these arguments are supported by the record.

We affirm the judgment and sentence.

_Cox, J._

WE CONCUR:

_____

_Becker, J._