# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| CITY OF TACOMA, | No.  47217-1-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| JASON DEAN SMITH, | |
| Appellant. | |

BJORGEN, C.J. — Jason Dean Smith appeals the superior court's decision affirming the municipal court's order imposing sanctions on Smith for violating his probation.

Smith argues that (1) an individual on probation has a right to a speedy sentence under RCW 3.66.067-.069, the Sixth Amendment of the United States Constitution, and article I, section 22 of the Washington Constitution; (2) the municipal court had no authority to require alcohol and drug evaluation and treatment; and (3) the municipal court violated his due process rights when it scheduled a review hearing on a date when he would be in the custody of the Department of Corrections (DOC).

We hold that (1) no speedy sentencing right exists under the sources of law Smith argued; (2) the municipal court had authority to order the alcohol and drug evaluation and treatment; and (3) the record is inadequate to determine whether the scheduled review hearing date violated his due process rights. Accordingly, we affirm.

FACTS

In 2012, Smith was found guilty of a domestic violence violation of a no contact order. For that conviction, the City of Tacoma municipal court sentenced him to 364 days in jail with 341 days suspended on various conditions, including law abiding behavior. Consistently with RCW 3.66.068, the municipal court retained jurisdiction over Smith for a period of five years.

A little over a year later, Smith was found guilty of violating a no contact order and telephone harassment. The municipal court ordered a show cause hearing, which Smith missed. After a warrant was issued and police took Smith into custody, he appeared for a probation violation hearing, but the matter was set over. On this date, the municipal court's docket noted the no contact order and telephone harassment convictions as well as pending felony drug charges against him involving drug possession and delivery.

On October 24, 2013, Smith appeared in municipal court for another probation violation hearing. This time, however, he moved the court to accept a stipulation to the admissibility of a probable cause statement regarding the felony drug charges as well as to sanction him for violating the conditions of his probation. Although the court accepted the stipulation, it denied

his request for an immediate sanction. In the following months, Smith requested that the municipal court sanction him at least an additional six times.[1] The municipal court denied each request.

On August 22, 2014, after taking Smith's request for sanctions under advisement, the municipal court again denied his request for a speedy sanction. Smith appealed the municipal court's August 22 ruling. After this appeal was filed, the superior court sentenced Smith to 60 months in prison on the felony drug matters. In response, the municipal court sanctioned him for violating his probation based on the felony drug convictions as well as the other probation violations. As a result, the municipal court imposed an additional 90 days' jail time to be served consecutively after serving his 60 months in prison. In addition, the municipal court imposed a drug and alcohol evaluation and assessment based on "review of incident report and criminal history." Clerk's Papers (CP) at 14. The municipal court set a review hearing for December 12, 2014 over Smith's objection to that date.

After the municipal court's probation sanctions were imposed, the superior court heard Smith's second appeal. It affirmed the municipal court and held that his right to a speedy sentence had not been violated, the municipal court had not abused its discretion by ordering an alcohol and drug evaluation, and his due process rights had not been violated by setting a review hearing when Smith would be in the custody of the DOC. Smith then sought discretionary review from our court under RAP 2.3(d), which a court commissioner granted.

---

[1] The municipal court denied Smith's requests to sanction him on November 7, 2013 and January 17, March 18, March 21, May 9, and June 13, 2014. Smith appealed the municipal court's November 7 decision to the superior court, which ruled that the municipal court did not abuse its discretion or violate his speedy sentencing rights. That ruling was not appealed to this court.

No. 47217-1-II

ANALYSIS

I. RIGHT TO SPEEDY SENTENCE

The parties dispute whether an individual on probation has a right to a speedy sentence when a court refuses to sanction him after stipulating to a probation violation. In arguing for the existence of the right to a speedy sentence for a probation violation, Smith relies on RCW 3.66.067-.069, the Sixth Amendment of the United States Constitution, and article I, section 22 of the Washington Constitution. For the reasons below, we hold that no speedy sentencing right exists in this context under these sources.

1.    Statutory

First, Smith argues that the plain language of RCW 3.66.067-.069 provides a statutory right to a speedy sentence for probation violations. We disagree.

The jurisdiction and powers of courts of limited jurisdiction are delineated by statute, since they have no inherent power. WASH. CONST. art. IV, §§ 10, 12; *State v. Williams*, 97 Wn. App. 257, 262, 983 P.2d 687 (1999). Municipal courts derive their powers from RCW 3.66.067-.069, among other sources. *City of Spokane v. Marquette*, 146 Wn.2d 124, 130, 43 P.3d 502 (2002). RCW 3.66.067 makes clear that after conviction a municipal court

> may impose sentence by suspending all or a portion of the defendant's sentence or by deferring the sentence of the defendant and may place the defendant on probation for a period of no longer than two years and prescribe the conditions thereof.

4

RCW 3.66.068 grants a municipal court continuing jurisdiction to suspend or defer the execution of all or any part of its sentence for a maximum of five years for a domestic violence offense and two years for all other offenses. Finally, RCW 3.66.069 grants a municipal court the power to revoke a deferral or suspension of a sentence "if the defendant violates or fails to carry out any of the conditions of the deferral or suspension."

From these statutes, a municipal court derives broad power to suspend a sentence and can revoke that suspended sentence in part or in full. However, notably absent from the language of the statutory scheme is any requirement for a municipal court to impose a sentence for a probation violation within a particular amount of time. The only safeguard that can be inferred is that the statutes provide for an end to a municipal court's jurisdiction, which in Smith's case, would be after five years. With no language otherwise supporting the right to a speedy sentence while on probation, Smith's statutory claim fails.

2.    Constitutional

Next, Smith argues that he has a constitutional right to a speedy sentence after a probation violation under the Sixth Amendment and article I, section 22. We disagree.

In all criminal prosecutions, the accused shall enjoy the right to a speedy trial. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. In *Betterman v. Montana*, ___ U.S. ___, 136 S. Ct. 1609, 194 L. Ed. 2d 723 (2016), the defendant, Betterman, pled guilty to bail jumping,

but was not sentenced for 14 months. *Id.* at 1612. Betterman argued that this delay violated his Sixth Amendment right to a speedy trial. *Id.* at 1613. The United States Supreme Court squarely held that the Sixth Amendment right to a speedy trial does *not* extend to the time period between conviction and sentencing; once a conviction has been entered, the speedy trial right no longer applies. *Id.* at 1617-18. If a defendant does not have a right to a speedy sentence after a conviction, it necessarily follows that Smith does not have a right to a speedy probation sentence under the Sixth Amendment. The State constitutional right to a speedy trial does not afford any more protection than its federal counterpart. *State v. Iniguez*, 167 Wn.2d 273, 290, 217 P.3d 768 (2009); *State v. Ollivier*, 178 Wn.2d 813, 826, 312 P.3d 1 (2013), *cert. denied*, 135 S. Ct. 72 (2014). Thus, Smith had no right to a speedy sentence under the Sixth Amendment or article I, section 22.[2]

### III. ALCOHOL AND DRUG EVALUATION AND TREATMENT

Smith next argues that the municipal court had no power or basis for ordering an alcohol and drug evaluation and treatment. We disagree.

Although conditions of probation for felony convictions under the Sentencing Reform

---

[2] The United States Supreme Court recognized that a defendant has a due process right to a sentencing proceeding that is fundamentally fair after conviction. *Betterman*, 136 S. Ct. at 1617-18. Smith's briefing only touches on due process in this context in a brief reference to *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). "'[N]aked castings into the constitutional sea are not sufficient to command judicial consideration and discussion.'" *Crystal Ridge Homeowners Ass'n v. City of Bothell*, 182 Wn.2d 665, 679, 343 P.3d 746 (2015) (alteration in original) (quoting *In re Rosier*, 105 Wn.2d 606, 616, 717 P.2d 1353 (1986)). Accordingly, we decline to address whether an individual on probation has a due process right to a speedy sentence.

Act of 1981 (SRA), chapter 9.94A RCW, "must relate directly to the crime for which the offender was convicted," *Williams*, 97 Wn. App. at 263, probation conditions attached to misdemeanors need only "bear a reasonable relation to the defendant's duty to make restitution or . . . tend to prevent the future commission of crimes.'" *State v. Deskins*, 180 Wn.2d 68, 77, 322 P.3d 780 (2014) (quoting *Williams*, 97 Wn. App. at 263). Thus, "[c]ourts have a great deal of discretion when setting probation conditions for misdemeanors and are not restricted by the [SRA]." *Id.*

Here, as a condition for violating his probation on the misdemeanor conviction, Smith was required to undergo an "Alcohol/Drug Assessment and any recommended treatment." CP at 54. The municipal court based this on Smith's felony convictions, which involved unlawful possession and delivery of controlled substances. Because the convictions involved drug possession and delivery, drug evaluation and treatment could potentially provide a curative effect to his possible desire to participate in future drug crimes. Therefore, the condition bore a reasonable relationship to preventing the future commission of crimes, and the municipal court thus had authority to impose that condition.

Smith contends that only the superior court could impose the alcohol and drug evaluation for the felony convictions. We agree that the superior court could impose conditions on him as a direct result of the felony drug convictions. However, similar to the superior court, the municipal court also had authority to impose conditions based on the underlying facts that support his felony drug convictions, since those actions led to his probation violation. Accordingly, Smith's claim fails.

7

IV. REVIEW HEARING DATE

Smith argues that his due process rights were violated because the municipal court scheduled a review hearing on a day it knew he would be in the DOC's custody. We disagree because the record is insufficient to determine his claim, and he thus cannot demonstrate that his due process rights were violated.[3]

The record is deficient as to whether the municipal court actually knew that Smith would be unable to appear at the hearing. Further, we cannot assume that DOC would not arrange transportation for him to get to the hearing. Therefore, because the record does not support Smith's claims, we hold his due process rights were not violated by setting this particular date for the review hearing.[4]

CONCLUSION

We hold that (1) an individual on probation has no right to a speedy sentence for a probation violation under RCW 3.66.067-.069, the Sixth Amendment of our United States Constitution, or article I, section 22 of our Washington Constitution; (2) the municipal court had authority to order the alcohol and drug evaluation and treatment; and (3) the record is inadequate

---

[3] Smith argues that due process requires that probation conditions be clear to the defendant. *See Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S. Ct. 2294, 33 L. Ed. 2d 222 (1972). The condition is clear: *appear on a certain date*. The question here, however, is whether Smith's due process rights were violated because of the *particular* date scheduled.

[4] Both parties cite to *State v. Chavez-Romero*, 170 Wn. App. 568, 285 P.3d 195 (2012) for their respective positions, but the applicability of the case is limited as it deals with violation of speedy trial rights as interpreted through the superior court criminal rules. The most relevant point is that the defendant objected to being released on his personal recognizance, bringing to the court's attention that he would be arrested by the United States Immigration and Customs Enforcement and would be unable to attend a scheduled review hearing. *Id.* at 574. However, the *Chavez-Romero* court did not disapprove of that action directly, but instead was concerned that the ultimate delay in bringing his case to trial violated the criminal rules. *Id.* at 578-79, 584.

No. 47217-1-II

to determine whether the review hearing date violated Smith's due process rights. Therefore, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, C.J.

BJORGEN, C.J.

We concur:

MAXA, J.

SUTTON, J.