# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50807-9-II |
| Respondent, | |
| v. | |
| DONALD BRUCE MARTIN, JR., | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Donald Bruce Martin, Jr. appeals his two misdemeanor convictions for violation of a domestic violence protection order. Martin argues ineffective assistance of counsel based on defense counsel's failure to raise a necessity defense. Martin also argues that the sentencing court erred by imposing domestic violence perpetrator treatment as a condition of his sentence. We affirm his convictions and sentence.

## FACTS[1]

Martin and Stefani Staats married and had two children. On August 15, 2016, Staats obtained a temporary domestic violence protection order. She requested the protection order following an occurrence between Martin and Staats where the State charged Martin with assault in the second degree–domestic violence, harassment–domestic violence, and four counts of assault in the fourth degree–domestic violence. The order granted Staats temporary care, custody, and control of the minor children and prohibited Martin from interfering with Staats's physical and

---

[1] The facts derive in part from the trial court's findings of fact, which are all, except findings of fact 10 and 22, unchallenged and therefore verities on appeal. *State v. O'Neill*, 148 Wn.2d 564, 571, 62 P.3d 489 (2003).

legal custody of the minor children. The order also prohibited Martin from contacting Staats or the minor children.

The next day, on August 16, the trial court signed an amended protection order, ordering law enforcement to assist Staats in obtaining possession of her vehicle and custody of the two children.

Also on August 16, Pacific County Sheriff's Deputy Jesse Eastham stopped Martin for speeding. Martin was driving Staats's vehicle and had both children in the car. Deputy Eastham served both protection orders on Martin and explained that the orders required the surrender of the minor children and the vehicle. Martin's mother arrived on the scene. The deputy seized Staats's vehicle, but because the deputy did not have a writ of habeas corpus, he permitted Martin and the children to leave with Martin's mother. Three days later, Martin's mother contacted law enforcement to return the children.

For the above incident, the State charged Martin with two counts of custodial interference in the first degree and three counts of "Violation of DV No-Contact" protection order, involving Staats and the two children. Clerk's Papers (CP) at 41.

The matter proceeded to a bench trial. During opening arguments, defense counsel argued that Martin did not return the children to Staats because there was a May 2016 court order prohibiting her from having contact with them. The State objected, arguing that Staats's prior crimes were not properly before the court. The trial court asked, "isn't this the statutory defense[?]" 1 Report of Proceedings (RP) at 19. The State responded, "there's been no mention that there'd be a statutory defense. A general denial was all that's been put forward." 1 RP at 19. Defense counsel then stated, "The order . . . prohibited the mother from having any contact with minor children. This order specifically goes to [Martin's] state of mind. This is a specific intent

crime." 1 RP at 19. The trial court allowed defense counsel to continue with his opening argument and then heard evidence.

Staats testified that prior to the incident between her and Martin, the State charged her with rape of a child in the third degree and child molestation in the third degree involving a teenage patient at Staats's work. Staats testified that on May 4, 2016, the court entered a no contact order restricting her from contact with minors. She testified that the trial court corrected the order the next day to allow her to have contact with her own children and that Martin was aware of this correction. In response, Martin testified that at the time he was stopped with the children in August, the May 2016 no contact order still prohibited Staats from contact with all minors.

The trial court found Martin guilty of two counts of violation of a domestic violence protection order involving the two children and that for each offense "domestic violence was pled and proved." CP at 60. The offenses were gross misdemeanors. RCW 26.50.110(1)(a). The trial court found Martin not guilty of the other charges.

The sentencing court sentenced Martin to a total of 364 days with 180 days suspended and 24 months of probation. The sentencing court ordered Martin to obtain domestic violence perpetrator treatment and to complete this treatment before having contact with his children. The sentencing court also imposed a $100 domestic violence fee. Martin appealed.

ANALYSIS

Martin contends that defense counsel was ineffective for failing to argue the affirmative defense of necessity and that the sentencing court erred in requiring domestic violence perpetrator treatment as a condition of his sentence and in imposing a domestic violence fee. We disagree.

3

I.    INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, Martin must show that counsel's performance fell below an objective standard of reasonableness. *State v. McFarland*, 127 Wn.2d 322, 334, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The record must show no legitimate strategic or tactical rationale for the trial attorney's decisions to establish deficient performance. *McFarland*, 127 Wn.2d at 336. Martin must also show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have differed. *McFarland*, 127 Wn.2d at 334; *Strickland*, 466 U.S. at 687. If Martin fails to establish either prong of the test, we need not inquire further. *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007). We must be "highly deferential" in evaluating a challenged attorney's performance. *Strickland*, 466 U.S. at 689. We strongly presume that the attorney performed reasonably. *State v. Brett*, 126 Wn.2d 136, 198, 892 P.2d 29 (1995).

A party is guilty of violating a protection order if (1) there is an order, (2) the person to be restrained knows of the order, and (3) the person violates the order. RCW 26.50.110(1)(a). Necessity is a common law defense to a charged offense. *State v. White,* 137 Wn. App. 227, 230-31, 152 P.3d 364 (2007). A necessity defense is available "when circumstances cause the accused to take unlawful action in order to avoid a greater injury." *State v. Jeffrey*, 77 Wn. App. 222, 224, 889 P.2d 956 (1995). The necessity defense is not available, however, where "the compelling circumstances have been brought about by the accused or where a legal alternative is available to the accused." *State v. Diana*, 24 Wn. App. 908, 912-13, 604 P.2d 1312 (1979).

Based on the colloquy in our record between the State, the trial court, and defense counsel, defense counsel knew of the necessity defense but instead chose to use Staats's no contact order to prove Martin lacked the intent to violate his own protection order. Defense counsel stated, "The order . . . prohibited the mother from having any contact with minor children. This order specifically goes to [Martin's] state of mind. This is a specific intent crime." 1 RP at 19. Moreover, there was also evidence that Staats's no contact order was amended the next day to permit her to have contact with her children and that Martin was aware of this amendment. This evidence would undermine a necessity defense.

Counsel's decision to not allege a necessity defense was clearly tactical. Since the record shows a tactical rationale for counsel's decision, Martin cannot establish deficient performance. Therefore, his ineffective assistance of counsel claim fails. *Foster*, 140 Wn. App. at 273.

## II. DOMESTIC VIOLENCE PERPETRATOR TREATMENT AND DOMESTIC VIOLENCE FEE

Next, Martin contends that the trial court erred by imposing domestic violence perpetrator treatment as a condition of his sentence. Generally, we review sentencing conditions for an abuse of discretion. *State v. Riley*, 121 Wn.2d 22, 37, 846 P.2d 1365 (1993). A trial court abuses its discretion if its decision is manifestly unreasonable or is based on untenable grounds or reasons. *State v. Montgomery*, 163 Wn.2d 577, 597, 183 P.3d 267 (2008). Courts possess wide discretion to impose sentences and conditions with "carrot-and-stick incentive[s]" to promote rehabilitation, which is a central goal of misdemeanor sentencing. *Harris v. Charles*, 171 Wn.2d 455, 459, 465, 256 P.3d 328 (2011)). Probation conditions attached to misdemeanors need only "'bear a reasonable relation to the defendant's duty to make restitution or . . . tend to prevent the future commission of crimes.'" *State v. Deskins*, 180 Wn.2d 68, 77, 322 P.3d 780 (2014) (quoting *State v. Williams*, 97 Wn. App. 257, 263, 983 P.2d 687 (1999)).

Here, the sentencing court sentenced Martin to a total of 364 days with 180 days suspended and 24 months of probation. As part of his sentence, the sentencing court ordered Martin to obtain domestic violence perpetrator treatment. Because the protection order that Martin violated was issued following an occurrence between Martin and Staats where Martin was charged with domestic violence and because the information charging Martin with the offenses stated that he violated a domestic violence protection order, and because the trial court specially found that with each offense "domestic violence was pled and proved," the sentencing court had tenable grounds to order Martin to obtain domestic violence perpetrator treatment both for rehabilitation and to prevent the future commission of crimes. CP at 60. Accordingly, the sentencing court did not abuse its discretion when it imposed domestic violence perpetrator treatment as a condition of Martin's sentence.

Martin, in a cursory fashion, also contends the sentencing court erred by imposing a $100 domestic violence fee. Martin, however, fails to provide argument to support his contention and fails to direct us to relevant parts of the record. *See* RAP 10.3(a)(6). Accordingly, we decline to review this issue.

III.    APPELLATE COSTS

Martin asks that we decline to impose appellate costs if the State prevails on appeal. If the State makes a request for appellate costs, Martin may challenge that request before a commissioner of this court under RAP 14.2.[2]

---

[2] The State includes a sufficiency of the evidence argument in its response brief. However, Martin does not list sufficiency of the evidence as an issue in his opening brief nor does he provide argument that insufficient evidence supports his convictions. Therefore, we need not reach this issue.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Bjorgen, J.

_____
Lee, A.C.J.